## J. J. BICK, Appellant, v. CHARLES H. DIXON, Respondent.

**St. Louis Court of Appeals, February 21, 1910.**

1. **JUDGMENTS: Scire Facias: Not "Action."** A proceeding by *scire facias* is not, strictly speaking, an action, but a mere continuation of and ancillary to the original action.

2. **APPELLATE PRACTICE: Presumptions: Regularity of Proceedings in Trial Court.** The court on appeal will indulge the presumption of regularity of the proceedings of the trial court and that the party complaining has put in all his probative facts.

3. **JUDGMENTS: Scire Facias: Suit for New Judgment Pending: Abatement.** Pending an appeal from a judgment on the merits for defendant in an action brought on an original judgment, *scire facias* to revive the original judgment will not lie.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Peter T. Barrett* and *Abe Lowenhaupt* of counsel; *J. J. Bick,* appellant, *pro se.*

(1) A transcript of this judgment was filed in the circuit court and thereby becomes for many purposes. the same as a judgment of that court. Carpenter v. King, 42 Mo. 219; Gordon v. Surghnor, 107 Mo. 520. (a) A judgment upon a judgment does not merge the original judgment. 23 Cyc., 1474. (2) A suit upon a judgment and a proceeding to revive the same by *scire facias* are cumulative remedies, and the plaintiff can pursue both at the same time. 23 Cyc., 1448 b; Carter v. Coleman, 12 Ired. L. (N. Car.) 274; Haupt v. Burton, 21 Mont. 572; 18 Am. and Eng. Ency. Proc. and Prac., pp. 1057, 1088; 23 Cyc., p. 1474; Lafayette County v. Wonderly, 92 Fed. 313; Wonderly v. Lafayette County, 150 Mo. 635; 2 Coke's Inst. 472; Goddard

v. Delaney, 181 Mo. 564; Long v. Thormond, 83 Mo. App. 227. (3) A plea of prior adjudication must show a final judgment on the cause of action. A judgment appealed from is not a final judgment. Ketchum v. Thatcher, 12 Mo. App. 185; Young v. Thrasher, 61 Mo. App. 413.

*J. H. Whitecotton* for respondent.

STATEMENT.—*Scire facias* to revive a judgment obtained before a justice of the peace of Monroe county, in which judgment J. J. Bick, the present plaintiff and appellant, was plaintiff, and Charles H. Dixon, the present respondent, was defendant, a transcript of the judgment having been filed in the office of the clerk of the circuit court of Monroe county. At the return term of the writ defendant filed a motion to quash "because there is now pending on appeal from this court to and in the St. Louis Court of Appeals, an appeal from the judgment of this court by the plaintiff from a judgment of this court on the same judgment upon which this said writ is issued." The motion coming on to be heard it was submitted on the following stipulation, there being no evidence offered outside of the stipulation: "That this suit is a suit instituted by *scire facias* to revive a judgment on which judgment a suit for a new judgment had been brought in this court and on the trial of the merits of (same) judgment was entered in favor of defendant; and plaintiff in that case, the plaintiff in this case, duly appealed from the judgment of this court on the judgment entered in said cause and that said appeal is now pending in the St. Louis Court of Appeals." The trial court sustained the motion to quash the writ, plaintiff excepting, and after an unsuccessful motion for new trial the case is here on appeal.

REYNOLDS, P. J. (after stating the facts).— While counsel speak of this as "an action," a proceeding

by *scire facias* is not, strictly speaking, an action, but a mere continuation of and ancillary to the original action. [Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052; Bick v. Tanzey, 181 Mo. 515, 80 S. W. 902.]

Judge GANTT, speaking for our Supreme Court, in Rodney v. Gibbs, 184 Mo. 1, l. c. 11, 82 S. W. 187, and discussing the effect of an appeal, says: "Until reversed or set aside, that decree was valid and binding, and although an appeal was then pending in this court, as it was taken without bond being given, it did not even suspend the judgment nor prevent the enforcement of the decree by execution." Further along and referring to the decision of Judge THAYER, in Ransom v. City of Pierre, 41 C. C. A. 585, in which Judge THAYER reached the conclusion that the weight of authority as well as reason is, that when a case is removed to an appellate court by a writ of error or an appeal, and it is not to be tried there *de novo*, but is to be determined by an examination of the record and the judgment either reversed or affirmed or modified, that such an appeal or writ of error does not vacate the judgment below nor prevent it from being pleaded or given in evidence as an estoppel upon issues that were tried and determined, un-. less some local statute provides that it shall not be so used pending the appeal. It is said by Judge GANTT (l. c. 14): "The question is not without its difficulties, from whatever standpoint we view it, but we are of opinion that under our laws, the judgment is a determination of the rights of the parties thereto until reversed or modified, and, indeed the great weight of authority is, that a supersedeas has no other force or effect than to prevent the enforcement of the judgment and does not destroy its operation as a former adjudication. In this case," says Judge GANTT, "we have no supersedeas, but a mere naked appeal, and hence under either doctrine the judgment . . . was an estoppel to reopening the issues found against defendants in this case who were plaintiffs in that, and the pendency of the

appeal did not destroy the effect of that decree as an estoppel, and it follows the circuit court erred against the plaintiff in not according it that effect." It is claimed by the learned counsel for the appellant, that all that is said in this case of Rodney v. Gibbs, upon the effect of an appeal with supersedeas bond to prevent the judgment appealed from operating as *res judicata* is obiter and was not in decision in that case. While in the case before us there is not a question of *res judicata,* strictly speaking, the application of the decision in Rodney v. Gibbs to the case at bar is this: It determines that notwithstanding a judgment has been appealed from, it is in full force and effect pending the appeal, even with a supersedeas bond, the only effect of the supersedeas bond being to stay its enforcement; and further applying it to the case before us, its effect is to hold that the judgment on which this *scire facias* was sued out having been vacated by a judgment rendered in a direct suit upon it, the first judgment is of no force and effect, and although the latter judgment has been appealed from, no *scire facias* could issue on the first or original judgment, pending the appeal. As we understand the facts in this case, the *scire facias* here under consideration was sued out after the rendition of the judgment annulling the original judgment. Therefore the point urged by counsel, that a suit on the judgment and a *scire facias* to revive the judgment can be maintained simultaneously, is of no importance in this case, because if there was no valid, subsisting, enforceable judgment in existence, neither a *scire facias* nor an action would lie. Either proceeding can stand, only when there is an enforceable judgment to act upon. If it is meant by contention of counsel, that the only point in decision in Rodney v. Gibbs is that a judgment appealed from without a supersedeas bond is so much a judgment and enforceable as to sustain a plea of *res judicata,* but that what is said about not enforcing or pleading a judgment when a supersedeas bond has been given, is obiter, then

Bick v. Dixon.

we are without anything in the case at bar to show which of these was the fact here. The stipulation upon which the case was tried and which is the only matter in the record before us showing what was before the trial court, is silent on this point. It was for the plaintiff to have cleared that up; for if no supersedeas issued, the case confessedly was within the Rodney decision; to bring it within what appellant calls the obiter and so without the real decision, appellant should have shown the execution of a supersedeas bond. If we are to indulge in presumptions, however, as to this, they must always be, first, in favor of the regularity of the proceeding of the trial court, and, second, that the party has put in all his probative facts. We have a right to presume that if a supersedeas bond had been given, the fact of its being given was such a material fact for appellant, that he would not have omitted it from the stipulation upon which the case was tried. But in the light of the decision in Rodney v. Gibbs, we hold that it was unimportant whether a supersedeas bond had been given or not. As we understand that decision, it holds that the appeal itself, whether with or without a supersedeas bond, did not operate to reinstate the judgment vacated by the judgment appealed from. In the case at bar, in suing out the *scire facias,* appellant attempted to entirely ignore the fact that the judgment of the court on which he sued out the *scire facias* had before then been set aside and vacated. It is admitted that that judgment had been annulled when the writ of *scire facias* was sued out and issued. True, that judgment, vacating the original one, was appealed from. That appeal was pending and undetermined, but certainly the appeal did not reinstate the judgment vacated by the judgment appealed from. That being so, there was nothing for this writ to act upon. On the authority of the Rodney Case, the judgment in the case before us is affirmed. All concur.