## C. N. Woodard, Trading as The Oak Street Stables, Defendant in Error, v. Angldile Computing Scale Company, Plaintiff in Error.

## Gen. No. 17,283.

1. APPEAL AND ERROR—*presumptions as to court's action.* In the absence of a contrary showing it will be presumed on appeal that the Municipal Court heard such evidence as it deemed sufficient for the assessment of damages as required by Municipal Court Act, § 43.

2. PROCESS—*service on corporations.* R. S. c. 110, § 8, which provides that service on an agent of a corporation found in the county is good, applies to both foreign and domestic corporations.

3. JUDGMENT—*vacation of default.* There was no abuse of the court's discretion in denying a motion to vacate a default, where the default was entered twelve days after the issuance of summons and no steps were taken by the defendant to enter an appearance or file an affidavit of merits until the time specified in the summons under Municipal Court Act, § 41, at which time the defendant's agent was delayed by crowds and insufficient elevator services arriving five minutes late, as there was no showing of diligence.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

JACOB KATZ, for plaintiff in error; HARRY H. KRINSKY, of counsel.

CHARLES DANIELS and SUMNER C. PALMER, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Three errors are assigned. The first is that the judgment was entered upon an affidavit of claim without hearing evidence thereon. In the absence of a showing to the contrary, it will be presumed the court did its duty and heard such evidence as it deemed sufficient to assess the damages, as under Section 43 of the Municipal Court Act it is required to do even in case of default.

The second error assigned is the denying of defendant's motion to vacate the judgment and quash the summons. The contention is that the service of summons made on a local sales agent of the defendant, which is a foreign corporation, was not good, but that it should have been served on the agent designated for that purpose by the company, under the act regulating the admission of foreign corporations to do business in this state. Under the statute relating to service on corporations, service on any agent of the company found in the county is good, (Chap. 110, Sec. 8, R. S. 1911), and such statute applies to all corporations, foreign as well as domestic, and is not inconsistent with the act aforesaid.

The third error, assigned, and the only one argued, is that the court erred in denying the motion to vacate the judgment and grant a new trial on the merits. The motion is supported by affidavits showing a meri-

torious defense, and by an affidavit of said sales agent to the effect that he arrived in court five minutes after 9:30 A. M., the time specified in the summons as required by Section 41 of the Municipal Court Act, and found that judgment had been entered; that he reached the court building three or four minutes before 9:30, but was delayed by the crowded condition of the building and insufficient service of the elevators.

While a meritorious defense was set forth, yet the excuse given by defendant's agent, for his failure to appear at the appointed hour, does not show the exercise of due diligence to reach the court at the specified time. It was his duty to provide against conditions not shown to be unusual that might tend to prevent his reaching the court at the required time. The summons was served November 11th, and the judgment entered November 23rd. No steps were taken by defendant after service to enter appearance or to file an affidavit of merits. It waited until the very last minute to take any such step. It did not show due diligence, and the court's discretion in denying the motion to vacate was not abused.

The judgment is affirmed.

*Affirmed.*