## Julius Gebhard, Appellee, v. Brewers Malting Company, Appellant.

### Gen. No. 18,836.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

### Statement of the Case.

Suit in attachment by Julius Gebhard against Brewers Malting Company, a corporation, upon a written contract. The writ was levied on real estate of the defendant. Personal service was had upon certain garnishees and service upon defendant was by publication. The declaration was not filed until two days before the next term of court. A default was entered against defendant and damages were assessed at $1,730.60. From a judgment entered against defendant for such amount, defendant appeals.

On one of the days of the term at which judgment was entered against defendant, the court denied a motion to vacate the default and judgment, and the defendant at the next term of court sued out a writ of error to review the action of the court in denying the motion, which writ of error was pending at the time of this appeal. See *Gebhard v. Brewers Malting Co., post,* p. 256.

ALVIN W. WISE, for appellant.

CHASE R. RANKIN, for appellee; EINAR C. HOWARD, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1.  APPEAL AND ERROR, § 299*—*what constitutes final orders in attachment proceeding.* Where a judgment is entered against the defendant by default and subsequently the court denies defendant's motion to vacate the judgment, the judgment order and the order denying the motion to vacate are both final orders and the defendant has a right to appeal from either or both.

2.  APPEAL AND ERROR, § 19*—*separate appeals.* To obtain a review by appeal of a judgment entered by default and also an order denying a motion to vacate the judgment, there must be a separate appeal from each order.

3.  APPEAL AND ERROR, § 299*—*when defendant in attachment may appeal from default judgment.* Defendant in attachment may appeal from a default judgment entered against him, though the case has not been finally disposed of as to the garnishees.

4.  APPEAL AND ERROR, § 1332*—*when evidence justifying default presumed heard under common counts.* Although a special count in a declaration shows no cause of action, if the declaration contains the common counts and judgment is rendered by default it will be presumed, in the absence of a bill of exceptions showing the contrary, that the court heard evidence to justify the judgment under the common counts.

5.  ATTACHMENT, § 236*—*time of filing declaration.* In an attachment proceeding a judgment by default may be entered against the defendant at the next term of court, though the declaration was not filed ten days before the commencement of said term.

6.  JUDGMENT, § 252*—*what constitutes basis for amendment of judgment order after term.* Where a judgment order on a default judgment recites the assessment of plaintiff's damages at the sum of "Seventeen Hundred and Thirty Dollars and Sixty Cents", and in another portion of the order judgment is rendered for plaintiff for "Seventeen Hundred and Thirty and Sixty Cents in form as aforesaid by the court assessed" while in the part of the order referring to a conditional judgment against the garnishees the word "dollars" appeared in the amount specified followed by: "being the amount of the judgment heretofore entered herein against the defendant," it was held that the order itself furnished a sufficient basis for an amendment inserting the word "dollars" in the amount named in the clause reciting the rendition of judgment.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.