## THE STATE ex rel. SOUTHERN NATIONAL BANK OF KANSAS CITY v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

### In Banc, December 22, 1915.

1. **PRACTICE: Motion to Dismiss: Equal to Demurrer.** The legal character of a pleading is to be determined by its substance, and not by its name. A motion to strike out or to dismiss may fill the office of a demurrer, and be so treated, where it is, to all intents and purposes, a demurrer, and dispositive of the whole case, as a matter of law.

2. ——: ——: **Evidence: Appeal: No Motion for New Trial.** Where one ground of a motion to dismiss as to movents was that the record shows on its face that if plaintiff ever had a right to establish a mechanic's lien on their property such right had expired, and that part of the motion only is sustained, and an appeal is taken by plaintiff from that judgment to the Court of Appeals, that court, having otherwise appellate jurisdiction in the matter, cannot refuse to consider the point raised by the motion upon the ground that it required a motion for new trial to preserve the point for review. No motion for a new trial was necessary, nor did a proper determination of the point put in issue require an examination of the evidence, nor was evidence necessary or even proper. Things appearing on the face of the record conclusively speak for themselves.

3. ——: ——: ——: ——: ——: **Other Grounds of Motion.** Nor does the fact that the motion to dismiss contained other grounds, which could be sustained only by evidence, and that evidence was offered in support of them, and they were not sustained, alter the right of the plaintiff on appeal, without any motion for a new trial filed in the trial

court, to have that part of the motion charging that the amended petition showed on its face that plaintiff's right to a mechanic's lien had expired, and which was separately sustained, considered by the appellate court—not even though movents had done the useless thing of supporting the point by evidence.

4. ——————: ——————: **Grounds Assigned.** On appeal the court must presume that the trial court sustained a motion to dismiss on the ground specifically assigned by it—in this case, that a motion to dismiss is sustained on ·the "first ground" assigned in that motion, which was that the petition showed on its face that the right to a mechanic's lien sought by it had expired.

5. ——————: ——————: **Where No Ground Is Assigned.** Where the motion to dismiss assigns several grounds, one of which is to the effect that the petition shows on its face that the action is barred, and others which call for evidence to establish them, and the motion is sustained without any assignment of the ground therefor, then on appeal by plaintiff he cannot rely solely upon the disclosures of the record proper, because, as long as the motion went both to the record proper and matters of exception, the appellate court will indulge the presumption that the trial court decided correctly, if not upon the disclosures of the record proper, then upon the matters of exception alleged in the motion, there being no motion for a new trial and hence no evidence preserved for review. But where the trial court sustains the motion on the specific ground that the record shows on its face that the action is barred, then that point is for consideration in the appellate court, without any motion for a new trial. .

## *Certiorari.*

Judgment quashed.

*Ellis, Cook & Barnett* for relator.    ·

(1) The reinstatement of the case as to the defendants McDermand at the same term of court at which it had been dismissed put the case back precisely where it was before the order of dismissal was made. Brown v. Foote, 55 Mo. 178; 14 Cyc. 460, 465; Miller v. Earl, 15 S. W. 916; Crane Co. v. Hawley, Keragham & Co., 54 Mo. App. 603; West v. McMullen, 112 Mo. 409; State to use v. Kessler, 15 Mo. App. 590; Salt Co. v. Baldridge, 53 Kan. 532; Wolters v. Rossi,

126 Cal. 644; Zitnick v. Railroad, 145 N. W. 344; Duty v. Railroad, 73 S. E. 331. (2) The expiration of the term of court at which the order was made requiring an amendment of the plaintiff's petition, did not, even though no such amendment was made during the term, affect a judgment in favor of the defendants McDermand. Robinson v. County Court, 32 Mo. 428; Berry v. Zimmerman, 43 Mo. 215; Plattsburg v. Allen, 84 Mo. App. 432; Ruch v. Jones, 33 Mo. 393; Louthan v.' Caldwell, 52 Mo. 121; Cooney v. Murdock, 54 Mo. 349; Briggs v. Block, 18 Mo. 281; Davis v. Carp, 139 Mo. App. 650. (3) The reinstatement of the case and the order permitting plaintiff to file its amended petition out of time were matters within the sound discretion of the court. 14 Cyc. 460; Crane v. Hawley, Keraghan & Co., 54 Mo. App. 603; Cooney v. Murdock, 54 Mo. 349; Davis v. Carp, 139 Mo. App. 650, l. c. 654; State v. Bird, 22 Mo. 470; Phillips v. Ayerck, 84 Ga. 725; Combs v. Steele, 80 Ill. 101; Chichester v. Hastie, 9 S. C. 330; Gunnersell v. Boyle, 7 Mo. App. 579; Chinn v. Pretches, 42 Kan. 316; Emmerich v. Hefferson, 97 N. Y. 619.

*Robinson & Goodrich* for respondents.

(1) Relator is not entitled to the relief sought. The Supreme Court can consider only the statements contained in the opinion of the Court of Appeals as to the evidence, facts or pleadings in the cause, and cannot look beyond such recitals for any further ground to quash the judgment of the Court of Appeals. State ex rel. Reynolds, 257 Mo. 19; State ex rel. v. Ellison, 263 Mo. 509. (2) The motion to dismiss was not a part of the record proper, and the ruling thereon is not preserved for review unless by ground lodged in a motion for a new trial and by timely exceptions. Tarkio v. Clark, 186 Mo. 293; Shohoney v. Railroad, 231 Mo. 152; Hodson v. McAnerney, 167 Mo. App. 468;

Godfrey v. Godfrey, 228 Mo. 513; Silberberg v. Gitenstein, 168 Mo. App. 399. (3) The opinion of the Kansas City Court of Appeals is in accord and harmony with all of the controlling decisions of the Supreme Court. (4) Even conceding, which we do not, that the first two grounds of the motion to dismiss were based upon the record alone, it cannot be contended that the third ground did not require evidence to support it. (5) Part of the testimony offered in support of the motion to dismiss consisted of amended pleadings. When a pleading is amended by filing a new pleading, its functions are at an end. It is no part of the record as evidence because originally filed as a pleading, and cannot be used unless offered in evidence. Machine Co. v. Pierce, 5 Mo. App. 576; Ingwerson v. Railroad, 250 Mo. 335; Anderson v. McPike, 86 Mo. 293; Railroad v. Bank, 212 Mo. 517; Forrister v. Sullivan, 231 Mo. 345, 352. (6) Exhibits attached to a petition are no part of it. Part of the testimony offered in support of the grounds for the motion consisted of exhibits to abandoned and pending petitions. Hanks v. Hanks, 218 Mo. 670. (7) It is the correctness of the ruling of the trial court, and not the reason for it, that the appellate court is called upon to review. State ex rel. v. Thomas, 245 Mo. 75.

REVELLE, J.—Original proceeding by *certiorari* to quash judgment of the Kansas City Court of Appeals, the relator alleging that it runs afoul of controlling decisions of this court.

The facts stated by the Court of Appeals in its opinion are substantially as follows:

Plaintiff filed its suit April 8, 1913, to enforce a mechanic's lien for certain materials, of the total value of $1276, furnished under contract with the defendant construction company for a building being erected by the latter company for the defendants Frank R. and

Myrtle A. McDermand, on certain lots in Kansas City owned by them. On May 12, 1913, the McDermands filed a motion to make the petition more definite and certain, and this was by the court sustained, November 29, 1913. January 9, 1914, relator filed an amended petition, and on February 9th the McDermands filed their motion to strike this out, and to dismiss the suit as to them. This motion was sustained, and two days thereafter relator filed a motion to set aside the order of dismissal and to reinstate the action against the McDermands, which the court heard and sustained, April 22nd. On April 25th the McDermands filed a motion that the cause be dismissed as to them upon the following grounds:

"(1)  Because the record shows on its face that if plaintiff ever had any right to establish and enforce a mechanic's lien upon property of said two defendants or either of them, such right, if any, had expired, and this court was without jurisdiction to establish or enforce said lien, at the time when the last amended petition in said action as against said two defendants was filed on, to-wit, the 22nd day of April, A. D. 1914; and that said court is without jurisdiction to establish or enforce a mechanic's lien on property of said two defendants or either of them in said action.

"(2)  Because the record shows on its face that plaintiff has not sued the person or persons who, if anybody, contracted and owed the debt on the account filed as the foundation for the right of action in said suit, and as the basis of the alleged claim for a mechanic's lien on the real estate and buildings alleged in the original petition and amended petitions to be owned by said Frank R. McDermand and Myrtle A. McDermand and to be subject to said claim for a mechanic's lien sought to be established and enforced thereon.

"(3)    Because J. B. Neevel and R. B. Neevel, co-partners, doing business under and by the partnership firm name and style of J. B. Neevel & Sons Construction Company, have not been made defendants in this action and this court is and ever was without jurisdiction to establish and enforce a mechanic's lien herein without them."

Upon a hearing of this motion the court entered the following order in relation thereto:

"Now on this day the court, having heretofore taken defendants' . . . motion to dismiss as to themselves under advisement, does now sustain said motion as to the *first ground,* to which plaintiff objects and excepts."

At a later date, to-wit, June 25th, the court made the following order:

"The plaintiff submits evidence of indebtedness of defendant J. B. Neevel & Sons Construction Company to the plaintiff herein, and said cause having heretofore been dismissed by the court as to defendants Frank R. McDermand and Myrtle A. McDermand, *the court declines to hear evidence touching a mechanic's lien on the property involved,* to which ruling of the court in favor of defendants the plaintiff excepts. . . . And it is further considered and adjudged by the court that said action having been heretofore dismissed by the court on the 13th day of June, 1914, as to the defendants Frank R. McDermand and Myrtle A. McDermand, upon their motion, plaintiff recover nothing of defendants Frank R. McDermand and Myrtle A. McDermand, and have no lien upon the property of said Frank R. McDermand and Myrtle A. McDermand, herein involved, and that the said Frank R. McDermand and Myrtle A. McDermand go hence without day and have judgment against the plaintiff herein for their costs herein expended."

Relator appealed from this judgment to the Kansas City Court of Appeals, without first having filed a

motion for new trial, but, in due time, filed its bill of exceptions. Because of relator's failure to file a motion for new trial the Court of Appeals held that its inquiry could not be extended to any matter of exception. Of this ruling relator makes no serious complaint, and did not invoke our writ because thereof. The court went further, however, and held that because the motion to dismiss raised issues of fact, as well as of law, and required evidence to support parts of it, it could not be treated as the legal equivalent of a demurrer, and could, therefore, not be held to preserve itself without the aid of a bill of exceptions and motion for new trial; and for this reason it declined to review the ruling on the motion to dismiss.

I. The sole proposition upon which our decision is legitimately invoked is the ruling of the Court of Appeals that the so-called motion to dismiss, upon which final judgment was entered, was not in legal effect a demurrer, and that the ruling of the trial court thereon could not be reviewed, because not preserved by motion for new trial.

*Appeal: Record Matter: Review on Merits.*

The court announces the general and uniformly accepted doctrine that the legal character of a pleading is to be determined by its substance, and not name, and that a motion to strike out or to dismiss may fill the office of a demurrer, and be so treated, where it is, to all intents and purposes, a demurrer, and is dispositive of the whole case as a matter of law; but, anent its application to the instant case, says: "Where, as in the present case, it raises issues of fact, as well as of law, and requires evidence to support it, there is no good ground upon which it will be treated as the legal equivalent of a demurrer, and it could not be held to preserve itself without the aid of a bill of exceptions or a motion for new trial." For the reasons last stated the court held that the ruling sus-

taining the motion was not before it for review, and declined to pass upon other questions, which it is alleged the record presented, such as the legal effect of the first dismissal and reinstatement of the case, whether the former orders, entries and pleadings were a part of the record proper in the case, and whether a court will take judicial notice of *all* proceedings before it in the same litigation and of the status of the case as shown by its own record, or whether it is necessary to prove such matters.

It is *unnecessary in this case* for us to examine any part of the record beyond the opinion of the court. This discloses that the motion was sustained by the trial court solely *as to the first ground,* and this ground was " '*because the record shows on its face*' that if plaintiff ever had any right to establish and enforce a mechanic's lien, such lien, if any, had expired, and this court was without jurisdiction to establish or enforce said lien at the time when the last amended petition was filed on the 22nd day of April, 1914, and that this court is without jurisdiction to establish or enforce the mechanic's lien.'' Had the motion stopped with this, there could be no doubt as to its legal character, because, regardless of its title, the legal effect and purpose thereof was that of a demurrer, and no exception, motion for new trial or bill of exceptions would be necessary to warrant a review of the ruling thereon. It is well established in this State that a pleading stating no cause of action or defense is open to a motion to strike out, as well as to what is commonly called a demurrer, and that a demurrer, not waived by pleading over, preserves itself, without the aid of a bill of exceptions or motion for new trial. It is equally well established that a motion to strike out or to dismiss, which fills the office of a demurrer, must be judged by the rules pertaining to demurrers. [Shohoney v. Railroad, 231 Mo. l. c. 148, and numerous cases there cited.]

No evidence in relation to the first paragraph of the motion was necessary, *or even proper,* because things appearing on the face of the record of a case conclusively speak for themselves. If, under the averments of this paragraph, defendants offered as *evidence* matters which *properly* and *lawfully* were the record in the case they did a useless and ineffectual thing, as a court takes judicial notice of such matters; and if they offered, and the court received, evidence of things which did not appear on the face of the record, they went beyond the scope of this part of their motion, and unwarrantedly broadened the issue which it tendered. By neither of these acts could defendants change the legal nature of their plea or the fixed rules of law in relation thereto. For the purpose of the first ground defendants planted themselves squarely upon what appeared from the face of the record, and plaintiff had a right to rely upon this issue without preparing to meet another. Now, does the fact that there was another ground set out in the motion, which required evidence in its support, but which was not sustained, change the legal character, effect and purpose of the former? We think not. We are told in briefs that the trial court heard evidence, and in this it was warranted, in relation to the third ground, but the record tells us that it was not upon the evidence offered, but the disclosures of the record, that the motion was sustained, the ground requiring evidence not being upheld. We must indulge the presumption that the trial court sustained the motion for the reasons and upon the ground it specifically assigned, and that in reaching its conclusion thereon it considered nothing except that which it was authorized to consider. In this we are but giving effect to the ''salutary presumption indulged in favor of the correctness of the rulings'' of circuit courts. [Millar v. Madison Car Co., 130 Mo. l. c. 523.]

Had the court not specified that it dismissed this cause because of what appeared upon the face of the record, the case would be different, and this for two reasons: (1) In that event appellant would have had no right to rely solely upon the disclosures of the record proper in preparing his case for appellate review; and (2) because as long as the motion went both to the record proper and matters of exception, appellate courts would indulge the presumption that the trial court had decided correctly, if not upon the disclosures of the record, then upon the matter of exception alleged in the motion, and which had not been preserved for review. So far, at least, as determining relator's prima-facie case of error, it is our opinion that the correctness or incorrectness of the trial court's ruling on the motion to dismiss must depend upon what the face of the lawful record of the case discloses, and that such matters were preserved for review, without the aid of a motion for new trial.

Cases have been cited by respondents in which this court has held that in appeals from an order granting a new trial, and in which the trial court stated the ground for its action, this court would sustain the order if it found that *any* assignment in the motion was good, even though it concluded that the reason stated by the trial court was not well taken. But in all such cases this court has further held that the appellant assumes the burden of showing error *only* as to the ground upon which the court acted, and as to the other grounds of the motion the presumption will be indulged that the action of the trial court in *not* sustaining them was right until *respondent* shows the contrary. [Bradley v. Reppell, 133 Mo. 545; Ittner v. Hughes, 133 Mo. 679; State ex rel. v. Thomas, 245 Mo. l. c. 73-4.] Neither are we unmindful that in State ex rel. v. Thomas, supra, this court held that an appellant cannot single out in preparing the bill of excep-

tions only such matters as relate to the reasons given by the trial court for granting the new trial, but should embody in his bill all matters of exception relating to other assignments in the motion. In that same case, however, the court distinguishes between one of this character and an appeal from an order granting a new trial. In this connection the court said: ''There is a difference in this respect between an appeal from a *final judgment* and from an *order granting a new trial.* In the former if prejudicial error *appears* the judgment cannot stand, regardless of the record as to *other* alleged errors, while in the latter the appeal is from one ruling to which there is but one exception, and if that ruling is right upon any one of the grounds upon which it was asked, it should not be reversed.'' And we might add that with the former the aggrieved party is having his last day in court, while in the latter the doors are open to another trial and appellate review. In this case the appellant appeals from a final judgment and if the legitimate record of the case discloses error therein it should not be permitted to stand, regardless of other things which might appear, but which do not. Could it in this or in any other case, be held that if the lawful and constituent parts of the whole record proper showed prejudicial error in the judgment the same should stand on appeal? The question answers itself. Error standing boldly out defies law and order and proclaims justice a travesty, and should not go uncorrected.

It is not our province to determine how the Court of Appeals shall decide the various questions involved in this record, but we do hold that the ruling of the trial court dismissing the case as to the McDermands should be reviewed by the Court of Appeals upon the disclosures of the whole record proper, including all such record matters of which judicial notice is required to be taken. In holding to the contrary the

266Mo.28

Court of Appeals failed to follow, among others, the following decisions of this court: Burrows v. Mc-Manus, 249 Mo. 555; Knisely v. Leathe, 256 Mo. l. c. 358; Austin v. Loring, 63 Mo. l. c. 21; Bateson v. Clark, 37 Mo. l. c. 34; Jones v. Manly, 58 Mo. l. c. 563; cases cited in Shohoney v. Railroad, 231 Mo. l. c. 148-152; Pelz v. Bollinger, 180 Mo. 252; and State ex rel. v. Ulrich, 110 Mo. 350, and cases heretofore cited. The point upon which the motion was sustained went to the very vitals, to the whole, and not a mere part, of the pleading, and in such cases this court has held the ruling thereon reviewable without a motion for new trial or bill of exceptions.

Neither is it necessary or proper for us to decide whether the bill of exceptions filed by appellant, but unavailable to it, because not aided by its motion for new trial, is available to respondents for the purpose of pointing out to the Court of Appeals that the motion was properly sustainable upon grounds other than that stated by the trial court. We leave this subject to the Court of Appeals, the tribunal of its jurisdiction, and such cases as Ittner v. Hughes, 133 Mo. l. c. 688; Bradley v. Reppell, 153 Mo. l. c. 560, and State ex rel. v. Thomas, 245 Mo. 65.

It follows that the judgment entered by respondents, as Judges of the Kansas City Court of Appeals, in the case of the Southwest National Bank of Kansas City v. Frank R. McDermand and Myrtle A. McDermand, should be quashed and for naught held, to the end that respondents, as such judges, may recall their mandate, if any has issued, and retry said cause upon the appeal filed with them and determine the issues therein presented, in conformity with the law as announced herein and the former decisions of this court. It is so ordered. *Woodson, C. J.,* and *Blair, Faris* and *Graves, JJ.,* concur; *Walker, J.,* concurs in result; *Bond, J.,* dissents.