STATE OF MISSOURI at the relation of CHARLES T. LOVING, Relator, v. FRANCIS H. TRIMBLE, EWING C. BLAND and HENRY L. ARNOLD, Judges of the Kansas City Court of Appeals.—53 S. W. (2d) 1033.

Division One, October 22, 1932.*

*NOTE: Opinion filed at April Term, 1932, September 3, 1932; motion for rehearing filed; motion overruled at October Term, October 22, 1932.

*Irwin & Bushman* for relator.

*Ira H. Lohman* for respondents.

FRANK, J.—*Certiorari.* Relator seeks to have the court quash an opinion of the Kansas City Court of Appeals in the case of Charles T. Loving v. E. A. Becker. The trial court dismissed said cause for want of jurisdiction, and the Court of Appeals affirmed the judgment. The opinion of the Court of Appeals follows:

"This is an action for damages for personal injuries. There was no trial on the merits but the court sustained defendant's plea to the jurisdiction. An appeal was allowed to the Supreme Court. However, that court transferred the cause here on the ground that this court had jurisdiction of the appeal.

"The facts relative to the matters presented for determination here are well stated, as far as they go, in plaintiff's brief. Said facts are as follows:

" 'In this cause the plaintiff filed his petition for injuries received on the 31st day of December, 1926, as he alleged, through the carelessness and negligence of the defendant and prayed judgment in the sum of $7,500.

" 'In due season the defendant filed his answer, a general denial, which was at the September Term of the court, 1927.

" 'At the May Term, 1928, the defendant filed an amended answer alleging that at that time, to-wit at the filing of the petition, the defendant was a major employer under the Workmen's Compensation Act; that he was an employer of more than ten regular employees; and alleged that the Employees' Liability Act became effective November 2, 1926, and since the injury occurred December 31, 1926, the court had no jurisdiction over the subject-matter. The answer further denied the common-law liability of the defendant.

" 'To defendant's amended answer plaintiff replied and set up matters of estoppel against the defendant; alleging that the defendant appeared generally in court, had filed a general denial and had permitted the plaintiff to proceed in the cause to the point where he had no rights under the Workmen's Compensation Act in that more than six months had elapsed since the accident and that therefore the Statute of Limitations had run against his claim before the Compensation Commission. Plaintiff further replying alleged that the defendant had at the time of the injury failed to comply with the provisions of Section 25 of the Workmen's Compensation Act by failing to insure his liability as provided by said Section 25 of the Act; and had failed to furnish to the Commission satisfactory proof of his ability to carry his own insurance, and that by reason thereof the plaintiff elected to recover from the employer, the defendant, as though he, the defendant, had rejected said act.

" 'At the time of the filing of his amended answer the defendant filed a plea to the jurisdiction and motion to dismiss wherein he alleged the court was without jurisdiction over the subject-matter because, as the plea and motion stated, the defendant was at the time (at the time of filing motion) a major employer under the Workmen's Compensation Act and alleged that both parties plaintiff and defendant had accepted the terms of the Act, Section 2 of the Act, Session Laws 1925, page 375, except as in this Act otherwise provided, shall be conclusively presumed to have elected to accept the provisions of this Act and respectively to furnish and accept compensation as herein provided, unless prior to the accident he shall have filed with the Commission a written notice that he elects to reject this Act.

" 'The court sustained the defendant's plea to the jurisdiction and motion to dismiss and on the same day, the 10th day of May, 1928,

ordered the plaintiff's action dismissed. From this judgment of dismissal the plaintiff has appealed.'

"It is insisted that the court erred in sustaining defendant's plea to the jurisdiction and motion to dismiss. Defendant says that he 'thinks the motion itself raised an issue of fact, nevertheless the court undertook to sustain the motion without hearing any evidence.'

"There was no admission in the pleadings that defendant had complied with Section 25 of the Workmen's Compensation Act (See Laws 1927, p. 506) which provided that the employer either insure his liability or show to the Commission that he is able to carry his own liability. Under the provisions of said section, unless the employer complies therewith, the employee is entitled to elect, after the injury, to recover from the employer as though the latter had rejected the act. There is no controversy that, unless defendant complied with Section 25 of the Act, plaintiff is entitled to bring this suit. The main controversy is over the question as to whether or not there was a compliance by defendant of said section of the act.

"Plaintiff has not brought here in his abstract of the record any bill of exceptions, the abstract consisting merely of the record proper.

"Plaintiff insists that the motion to dismiss and the answer containing the plea to the jurisdiction must be considered as nothing other than pleas to the jurisdiction and, therefore, it was not necessary to incorporate the motion to dismiss in the bill of exceptions but that motion is properly shown in the record proper. We may assume, for the purposes of this case, that plaintiff's contention is well taken but it does not follow that we may adjudge that the trial court committed error in sustaining the plea to the jurisdiction without our having the benefit of a bill of exceptions showing the testimony the trial court heard in reference to the matter. As before stated, defendant contends that the trial court heard no testimony of any kind. Plaintiff does not agree with this assertion of defendant but stated that evidence was heard. The only part of the record that is before us which throws any light upon this controversy is as follows: That part of the judgment appealed from which is material reads:

" 'And now, the motion to dismiss is by the court taken up, by and with the consent of the parties, and the court having seen and heard said motion read, and being in the premises fully advised doth order that said motion to dismiss be and the same is hereby sustained.'

"On the same day and at the same term the following order was made:

" 'Now at this day comes the plaintiff, by his attorney, W. C. Irwin, and files motion for a re-hearing.'

"The record recites that the motion was overruled and that an affidavit and an application for appeal were filed; that the court granted an appeal to the Supreme Court and leave 'to file bill of exceptions within the time allowed by law.'

"It will be seen that while the record does not expressly recite that testimony was heard on the other hand it does not show that none was heard. It would have been highly irregular and improper for the court to have passed on the plea to the jurisdiction, which admittedly raised an issue of fact, without having heard evidence relative to the same. There is a presumption in this court of the regularity of the proceedings of the Circuit Court. It will be presumed, absence of a showing to the contrary, that a hearing was properly conducted and that there was a hearing of evidence when testimony was required. [34 C. J. p. 755; Bick v. Dixon, 147 Mo. App. 69; Jewett v. Morrison, 175 Mass. 161; Shiels v. Nathan (Cal.), 108 Pac. 34; Woodard v. Scale Co., 172 Ill. App. 211; Gebhard v. Brewers' Malting Co., 185 Ill. App. 254; Insurance Co. v. Crutchfield, 108 Ind. 518.]

"Under the circumstances we must presume, in the absence of a bill of exceptions, that the trial court heard testimony in support of the plea to the jurisdiction and that such testimony tended to support said plea; that the testimony included evidence establishing that defendant had complied with Section 25 of the Workmen's Compensation Act and thus brought himself within its terms. Plaintiff insists that whether Section 25 of the Act was complied with was not an issue but it is quite apparent that this issue was raised by the reply. What record we have before us tends to show that the trial court did hear testimony because the record shows that a motion for a new trial, designated in the record as 'Motion for Rehearing,' was filed by plaintiff. Of course, no motion for a new trial would have been filed if there had not been a trial. The record also shows that leave to file a bill of exceptions was taken by the plaintiff, which also tends to show that evidence was heard.

"From what we have said, in the absence of a bill of exceptions, plaintiff is in no position to complain of the action of the trial court in sustaining defendant's plea to the jurisdiction.

"The judgment is affirmed."

The opinion holds that the action of the trial court in sustaining the plea to the jurisdiction and motion to dismiss, and in dismissing said cause was not open to review because not preserved by a motion for new trial and a bill of exceptions.

Relator first contends that "a motion to dismiss *may* fill the office of a demurrer and be so treated where it is to all intents and purposes a demurrer and dispositive of the whole case, *as a matter of*

*law,* and the rulings thereon will be reviewed without motion for new trial and bill of exception.'' [Italics ours.]. State ex rel. Southern National Bank of Kansas City v. Ellison, 266 Mo. 423, 430, 181 S. W. 998, and Mayes v. United Garment Workers of America, 320 Mo. 10, 6 S. W. (2d) 333, 334, 335, are cited in support of this contention as a basis for the claim that the opinion of the Court of Appeals is in conflict with the cited cases.

██ ██ The rule of law contended for by relator is sound and is supported by the cases cited but it has no application to the *instant* case for reasons presently appearing. It is familiar law that a demurrer goes to defects appearing on the face of the record proper, and where it appears from the face of the pleadings that the court has no jurisdiction of the alleged cause of action, the question of jurisdiction may be reached by demurrer, and the demurrer as well as the action of the court thereon, are preserved without the aid of a motion for new trial or bill of exceptions. It is also familiar law that where a motion to dismiss on the ground that it appears from the face of the pleadings that the court is without jurisdiction, such motion, regardless of its name, fills the office of a demurrer, preserves itself without the aid of a motion for new trial or bill of exceptions, and is governed by the rules of law applicable to demurrers. But where, as in this case, a motion to dismiss the cause for want of jurisdiction is not grounded on facts appearing in the record proper, but must be established by evidence *dehors* the record, such motion is not, in effect, a demurrer and the court's action thereon cannot be reviewed without the aid of a motion for new trial and a bill of exceptions. [State ex rel. Southern National Bank of Kansas City v. Ellison, supra.]

██ It appears from the opinion of the Court of Appeals that plaintiff brought suit in the circuit court to recover damages for alleged personal injuries. Defendant answered alleging that he was a major employer under the Workmen's Compensation Act; that said act became effective November 2, 1926, and since the injury occurred December 31, 1926, the court had no jurisdiction over the subject-matter. It further appears that defendant also filed a plea to the jurisdiction and motion to dismiss alleging that the court was without jurisdiction over the subject-matter because defendant was at the time a major employer under the Workmen's Compensation Act and that both parties, plaintiff and defendant, had accepted the terms of the act. Plaintiff replied alleging that defendant had not complied with the provisions of Section 25 of the Workmen's Compensation Act by either insuring his liability or satisfying the commission that he was able to carry his own liability, as provided in Section 25.

There is no question but what plaintiff was entitled to bring and maintain his suit in the circuit court if defendant had not complied with Section 25 of the Workmen's Compensation Act in the respects mentioned. Said Section 25 so provides, and the Court of Appeals so holds.

■ ■ Relator contends, however, that the Court of Appeals' assumption that the trial court heard evidence establishing that defendant had complied with Section 25 of the Workmen's Compensation Act, when that question was not in issue under the motion to dismiss, is in conflict with controlling decisions of this court in the cases of State ex rel. v. Ellison, 266 Mo. 430, 431, 181 S. W. 998; Hecker v. Bleish, 319 Mo. 149, 3 S. W. (2d) 1008, 1019; State ex rel. v. Muench, 217 Mo. 124, 138, 117 S. W. 25. In other words, the contention is that the Court of Appeals was not authorized to presume that the trial court heard evidence on a question not raised by the motion to dismiss.

The trouble with relator's contention is that in the absence of a bill of exceptions showing the contrary, it was the duty of the Court of Appeals to presume right action on the part of the trial court. If plaintiff and defendant had both accepted the provisions of the Workmen's Compensation Act, and defendant had complied with Section 25 thereof, then the Workmen's Compensation Commission, and not the court, had jurisdiction of plaintiff's claim, and the action was properly dismissed. On the other hand, if defendant had not complied with the provisions of Section 25 of said act, by the express terms of said section, plaintiff was entitled to maintain this action in the circuit court. The trial court could not have rightfully dismissed the action without first finding, on substantial evidence, that defendant had complied with said Section 25. It, therefore, follows that a presumption of right action on the part of the trial court is a presumption that it heard evidence which warranted a finding that defendant had complied with Section 25 of the Workmen's Compensation Act. Relator's contention that the question of defendant's compliance or non-compliance with the provisions of Section 25 of said act was not an issue under the motion to dismiss, overlooks the provisions of Section 1099, Revised Statutes 1929, which provides that a judgment shall not be reversed for omitting any allegation or averment without proving which the triers of the issue should not have given such a verdict. Speaking of this statute in Stottle v. Chicago, R. I. & P. Ry. Co., 321 Mo. 1190, 18 S. W. (2d) 433, 436, we said:

"We are not at liberty to ignore the direct command of the statute. After the defendant had gone to trial and evidence introduced upon all the points controverted and the verdict rendered, it

is too late then to assert that some fact supported by the evidence and authorizing the verdict is not alleged in the petition. Therefore, if the verdict is supported by the evidence upon all contested points, a failure of the petition to allege some matter necessary to sustain the verdict will not vitiate it.''

The opinion of the Court of Appeals shows that the court took up and heard the motion to dismiss the cause by and with the consent of both parties. The presumption prevails, in the absence of a bill of exceptions showing the contrary, that the trial court heard evidence which justified the judgment of dismissal. The Court of Appeals so held. After agreeing that the motion might be heard by the court, and after the court heard the evidence and rendered judgment, it is then too late to claim that facts heard by the court which justified the judgment of dismissal should not have been considered because not alleged in the motion to dismiss.

The cases cited by appellant do not run counter to anything we have said. Their facts are different from the facts in the opinion under review. There is, therefore, no conflict.

Our writ was improvidently issued and should be quashed. It is so ordered. All concur.