CLARK REAL ESTATE COMPANY, a Corporation in Bankruptcy, by JAMES B. NOURSE, Trustee, Appellants. v. OLD TRAILS INVESTMENT COMPANY, a Corporation ET AL.—76 S. W. (2d) 388.

Division One, November 16, 1934.

*J. M. Johnson, C. W. Prince, James N. Beery* and *Walter A. Raymond* for appellants.

*Henry S. Conrad, L. E. Durham* and *Hale Houts* for respondent.

FRANK, J.—Clark Real Estate Company brought a statutory action in the Circuit Court of Jackson County, at Kansas City, to quiet the title to certain property described in the petition and located in said Jackson County. The petition also asked damages both actual and punitive. Defendants, Old Trail Investment Company and A. Z. Hughes, filed a joint answer in which they denied plaintiff's alleged title, alleged title in themselves, and prayed that plaintiff be decreed to have no title, and that title be decreed in defendant, Old Trails Investment Company. Thereafter the plaintiff, Clark Real Estate Company, was declared a bankrupt and James B. Nourse, its trustee in bankruptcy, was made a party to this action. Thereafter, he, as such trustee, entered his appearance in said cause, and by leave of court dismissed plaintiff's petition and filed a reply and counterclaim to defendants' answer in which he alleged that defendant, Old Trails Investment Company, was the record owner of the property, but that said defendant obtained such record title by fraud and misrepresentations and without consideration. The facts constituting the fraud and misrepresentations are also alleged. It is further alleged that the trustee disclaims any interest that he or the Clark Real Estate Company has to the title to said real estate, and in lieu thereof asks damages, both actual and punitive, because of the fraudulent practices and misrepresentations of defendant in obtaining the record title to said property. On motion of defendant all of plaintiff's reply and counterclaim was stricken out except that part alleging that defendant was the record owner of said property and that plaintiff disclaimed any interest therein. Thereafter, defendant's motion for judgment on the pleadings was sustained and judgment was rendered vesting the title to said property in fee in the defendant, Old Trails Investment Company, and plaintiff appealed.

Respondent has filed a motion to dismiss the appeal herein on the following grounds, (1) because no question for review is raised by the purported assignments of error and points and authorities in appellant's brief, (2) because no question raised or attempted to be raised was preserved below by bill of exceptions, and (3) because no error is claimed as to the record proper.

We will take first the alleged insufficiency of the assignment of errors. These assignments allege, (1) that the court erred in holding

that plaintiff's reply to defendant's answer was insufficient to constitute a defense or avoidance of defendants' answer, (2) erred in holding that plaintiff's reply was unresponsive to the issues made by defendants' answer, and (3) erred in holding that the claim set up in plaintiff's reply did not arise out of the same contract or transaction pleaded as a basis of defendants' answer and was not connected therewith within the meaning of the statutes with respect to set-offs and counterclaims.

If plaintiff's reply stated a defense to the cause of action alleged in defendants' answer or alleged a valid counterclaim against defendant, the court erred in striking out the reply. We think the assignment of errors sufficiently presents the propriety of the court's action in so doing.

Respondents' contention is that the assignment of errors does not reach a ruling of the court but at most purports to complain of the court's reason for some undisclosed ruling. The argument in support of this contention is that the court made an order sustaining the motion to strike out the reply without assigning any reason therefor, and for that reason it did not make the rulings complained of in the assignment of errors at the time he sustained the motion to strike the reply. We do not agree with this contention. The fact that the court struck out the reply justifies the inference that the court was, in effect, holding that it stated no defense to the cause of action set up in defendants' answer. Moreover, the final judgment rendered on the pleadings after the reply was stricken out, shows the court's ruling on the reply. That part of the judgment reads as follows:

". . . and it appearing to the court that the court has successfully adjudged three of said replies or answers and counterclaims of plaintiff insufficient to constitute a defense or avoidance of the answers and cross-petitions of the defendants, and that the court has stricken out as unresponsive portions of each of said three successive replies and answers of the plaintiff which purport or attempt to set up counterclaims."

Respondents contend that we have no right to look to the final judgment to ascertain the trial court's reason for striking out the reply or his ruling as to the sufficiency or insufficiency of the reply to state a defense to the cause of action alleged in defendants' answer. We do not agree with this contention. The case as well as the record thereof remained in the breast of the court until final judgment was rendered. Although the order of the court striking out the reply stated no grounds for so doing, the entire proceeding being in the breast of the court until the case was finally adjudicated, the court had authority at any time thereafter before the case was finally determined, to state of record its reasons for striking out the reply. It did so in the final judgment. It is there recited that it appeared

to the court that the court had adjudged plaintiffs' reply insufficient to constitute a defense or avoidance of the answer and cross-petition of defendants. In addition to this recitation in the final judgment, the following appears in defendants' motion for judgment on the pleadings:

"That the court has judged insufficient and unresponsive three separate and distinct replies or answers and counterclaims to defendants' cross-bill. . . ."

The record as a whole shows that the court did adjudge plaintiff's reply insufficient to constitute a defense to the cause of action set up in defendants' answer. The assignments of error allege that such adjudication was error. We hold the assignment sufficient to present for review the action of the court on the motion to strike the reply.

■ Respondent next contends that the motion to strike plaintiff's reply together with the ruling thereon are not here for review because not preserved by a bill of exceptions.

A motion to strike out may or may not be open to review on appeal without the aid of a bill of exceptions, depending upon whether it does or does not serve the purpose of a demurrer. Where the effect of sustaining a motion to strike out is to dispose of the case, the motion fills the office of a demurrer, and for that reason is a part of the record proper and open to review on appeal without the aid of a bill of exceptions. [State ex rel. v. Trimble, 331 Mo. 446, 53 S. W. (2d) 1033, 1035; Home Insurance Company v. Mo. Power & Light Co., 327 Mo. 1201, 39 S. W. (2d)' 1039; Dickey v. Webster County, 318 Mo. 821, 300 S. W. 1086; State ex rel. v. Ellison, 266 Mo. 423, 181 S. W. 998.]

In the instant case, defendants' affirmative answer denied that plaintiff owned the property, alleged the ownership thereof in defendants, and prayed that the title be quieted in defendants in accordance with the allegations of the answer. Plaintiff's reply to defendants' answer admitted that defendant, Old Trails Investment Company, was the legal owner of the property, but alleged that said defendant obtained the legal title to the property by fraud and misrepresentations and without consideration, and pleaded the facts constituting the fraud and misrepresentations. The reply further alleged that plaintiff disclaimed any interest in the property and in lieu thereof elected to ask by way of counterclaim damages because of the fraudulent conduct of said defendant in obtaining the title to said property without consideration. The prayer of the reply was for damages, both actual and punitive.

The order striking out portions of plaintiff's reply, struck out all of said reply except that part admitting that said defendant was the legal owner of the property, and that plaintiff disclaimed any interest therein. After the motion to strike out certain parts of plain-

tiff's reply was sustained, there was no issue left to try. The reply as it then stood admitted the cause of action as pleaded in defendants' answer without asking any relief whatsoever. In this state of the pleadings the rendition of a judgment quieting the title in defendant was a mere formality. The effect of sustaining the motion to strike out, was to dispose of the case. This being true, the motion served the purpose of a demurrer and was, therefore, a part of the record proper and open to review on appeal without the aid of a bill of exceptions. This conclusion also disposes of the further claim of respondents that no error was assigned as to the record proper.

This brings us to a consideration of the appeal on its merits.

Respondents contend that the parts of plaintiff's reply which were stricken out were not responsive to defendants answer, did not constitute a claim or defense in respect to the title to the property, and could not be asserted as a counterclaim or defense to the cause of action set up in defendants answer.

This suit was brought under what is commonly known as the quiet title section. It is Section 1520, Revised Statutes 1929, and reads as follows:

"Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property. And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands, whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor."

Section 1521, Revised Statutes 1929, must be considered in connection with Section 1520, supra. It reads as follows:

"The institution, prosecution, trial and determination of suits under the preceding section shall conform in all respects to the provisions of the 'code of civil procedure' now existing and be in force

in this state concerning actions affecting real estate, and judgments rendered in such suits shall have the force and effect as therein provided.''

In line with the provisions of Section 1521, supra, this court in numerous cases has held that the procedure in suits to quiet title must conform to the Code of Civil Procedure. Among the cases so holding are the following: Peniston v. Press Brick Co., 234 Mo. 698, 707, 138 S. W. 532; Toler v. Edwards, 249 Mo. 152, 160, 155 S. W. 26; Stewart v. Omaha Loan & Trust Co., 283 Mo. 364, 375, 222 S. W. 808; Schneider v. Schneider, 284 Mo. 314, 325, 224 S. W. 1; Peterson v. Larson, 285 Mo. 119, 126, 225 S. W. 704. In the case last cited Peterson v. Larson, speaking of the quiet title section, this court said:

''But the statute does not provide a special or complete scheme of procedure within itself. On the contrary it must conform in all respects to the provisions of the code.''

Plaintiff had a right to dismiss the petition at any time before the cause was finally submitted. Section 960, Revised Statutes 1929 of the Code so provides. Plaintiff's right to dismiss the petition and defendants' right to proceed with a hearing of the cause set up in its affirmative answer is not questioned. The contention is that after plaintiff dismissed the petition, it had no right to file a counterclaim to defendants' answer for two reasons, (1) because Section 1520, Revised Statutes 1929, the quiet title section under which this suit was brought, does not authorize the filing of counterclaims, and (2) because sections 777 and 849 of the Code which authorize the filing of counterclaims do not apply to suits to quiet title. We do not agree with this contention. In addition to Section 1521, Revised Statutes 1929, which provides, and above-cited cases which hold that the procedure in suits to quiet title shall conform *in all respects* to the provisions of the Code, we have expressly held that the provisions of our counterclaim statutes apply to suits to quiet title.

In the case of Randolph v. Ellis, 240 Mo. 216, 144 S. W. 483, plaintiff brought suit to quiet title to certain land in Lynn County. The defendant in her answer, admitted title in the plaintiff, but claimed under a contract with the plaintiff's grantor, under which she was to occupy the premises for eighty-five and one-third months at $7.50 per month, at the end of which time the property was to be conveyed to defendant. It was conceded plaintiffs had notice of defendant's contract. The answer offered to pay the balance due on the contract and asked for an accounting and for specific performance. The trial court found a balance due plaintiffs of Two Hundred Fifty Dollars and decreed that upon payment of such amount within sixty days, title should vest in the defendant. In affirming the judgment and holding the accounting proper, the court said:

''The appellant has cited Seidel v. Cornwell, 166 Mo. 51, 65 S. W. 971, and Howard v. Brown, 197 Mo. 36, 95 S. W. 191, as authority for the proposition that the court had no jurisdiction, under Section 650, Revised Statutes of 1899, to take the accounting in this case. We are not inclined to that view. In both those cases, the accounting was asked by the plaintiff as an additional relief in connection with the relief furnished by that section of the statute. That section may control the extent of relief which may be prayed for by the plaintiff; but it certainly does not undertake to circumscribe the defenses which may be made in the cause. Section 605, Revised Statutes 1899, provides that a counterclaim may be filed connected with the subject-matter of the action, and also provides that defenses and counterclaims may be made whether legal or equitable or both. That section governs proceedings under Section 650.''

The case of Friel v. Alewel, 318 Mo. 1, 298 S. W. 762, also holds that in suits to quiet title our counterclaim statute applies.

Having reached the conclusion that our counterclaim statutes apply to suits to quiet title, we will next notice the provisions of these statutes and their applicability to the issues as framed by the pleadings in this case. Section 777, Revised Statutes 1929 of the Code provides as follows:

''The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action; second, in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. They must each be separately stated, in such manner that they may be intelligibly distinguished, and refer to the cause of action which they are intended to answer.''

Section 849, Revised Statutes 1929 of the Code makes the following provisions:

''Whenever a set-off or counterclaim shall be filed in an action, as provided in this article, it shall be deemed in law and treated as an independent action begun by the defendant against the plaintiff, except in the cases enumerated in Section 838 of this article; and, the dismissal or any other discontinuance of the plaintiff's action, in which such set-off or counterclaim shall have been filed, shall not operate to dismiss or discontinue such set-off or counterclaim, but the defendant so filing such set-off or counterclaim may, notwithstand-

ing such discontinuance or dismissal of the plaintiff's action, prosecute the same against the plaintiff in the same manner and with the same force and effect as if he had originally begun the action on his set-off or counterclaim against the plaintiff; and, in such case, the defendant so prosecuting such set-off or counterclaim shall be subject to all the rules applicable to plaintiffs in civil actions and other procedure, and the set-off or counterclaim shall be proceeded with, in all respects, as if the action had originally been begun by the defendant against the plaintiff.''

Section 849 above quoted was construed by the Kansas City Court of Appeals in the case of Morris Mfg. Company v. Roach & Green, 104 Mo. App. 632, 78 S. W. 644. We agree to the construction there given this statute and quote therefrom the following:

''In our opinion, the first view entertained by the trial court was correct, and that it erred in granting the motion for new trial on the ground that plaintiff could not set up in its replication to defendants' answer and counterclaim the same matter that was the foundation of its action as set out, whether in the original petition, which it dismissed, or in the amended petition, which was stricken out. The effect of the statute is that, where a plaintiff dismisses his action, anything on defendants' part which he has claimed in his answer, and which was proper matter of set-off or of counterclaim to plaintiff's cause of action, should be considered as though it was the basis of an action by such defendant as though he was a plaintiff against such plaintiff as though he was a defendant. When a defendant, after the petition has been dismissed by the plaintiff, shall elect to continue to prosecute his set-off or his counterclaim notwithstanding such dismissal, he takes upon himself the prosecution of an action in which he becomes to all intents and purposes a plaintiff, and the plaintiff becomes a defendant. The statute aforesaid reads that such defendant shall be subject to all the rules applicable to plaintiffs in civil actions and other procedure, and that his claim shall be proceeded with in all respects as if he had originally begun the action against the plaintiff. The statute is as broad as could well be made, and we cannot see any reason why the plaintiff should not be allowed to use as set-off or counterclaim, if it be otherwise proper, the same matter upon which his petition was based in the first instance, or as amended. The opportunity to do so is given him by the defendant who elects to go on with his counterclaim or set-off. He may deprive the plaintiff of such privilege by going out of court with him.''

When the plaintiff in the instant case dismissed the petition, the defendant was then the plaintiff and the plaintiff was the defendant in the cause of action set up in defendants' affirmative answer. This being true, the plaintiff, as a defendant in said action, had a lawful right to set up a counterclaim to the cause of action pleaded in

defendants' answer. ■ The remaining question is whether or not the facts alleged in the reply to the answer were the proper subject of counterclaim. Section 777, Revised Statutes 1929 of the Code provides that a counterclaim must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action.

The cause of action pleaded in count two of plaintiff's reply and counterclaim was germane to the cause of action pleaded in defendants' answer. Defendant as the basis of his cause of action claimed title which plaintiff in its counterclaim alleged was obtained through a foreclosure sale. Plaintiff in its reply and counterclaim admitted that defendant held the legal title but alleged that such title was obtained fraudulently through said foreclosure sale. The cause of action pleaded in plaintiff's reply and counterclaim arose out of the transaction by which defendant acquired title to the property and which was the basis of defendants' cause of action. Otherwise stated, the same transaction which gave defendant the record title, took that title from plaintiff. The subject of defendants' action was the title to the property. Plaintiff asks damages by way of counterclaim because that title was fraudulently taken from him. It follows, therefore, that plaintiff's claim was connected with the subject of the action which was the title to the property.

Plaintiff's reply contained three counts. The first count admitted that defendant was the record owner of the property, disclaimed any interest therein, and alleged that in lieu of such disclaimer, it elected to ask damages by way of counterclaim because of the fraudulent conduct of defendants in obtaining title to the property without consideration, as alleged in the second count of the reply.

The second count of the reply sought damages because of the alleged fraudulent conduct of defendants in obtaining title to the property without consideration.

The third count sought to recover the sum of eighty dollars alleged to be the unearned premiums on insurance carried on the building on said property, on the ground that defendants fraudulently converted and appropriated same to their own use.

On motion of defendant the trial court struck out counts two and three of the reply. For reasons heretofore stated, the court erred in striking out count two of the reply which sought damages because of the alleged fraudulent conduct of defendants in obtaining title to the property without consideration.

Conceding, without deciding, that the eighty dollars sued for in count three of the reply was wrongfully converted, it cannot be recovered by way of counterclaim in this action. The alleged fraudulent

1248

conversion of the eighty dollars did not arise out of the transaction set`forth in defendants' answer, neither is it connected with the subject of the action which is the title to the property. No error was committed in striking count three of the reply.

The judgment is reversed and the cause remanded with directions to set aside the order striking out count two of plaintiff's reply, to set aside the judgment in said cause, to reinstate counts one and two of plaintiff's reply, and docket said cause for trial. All concur.