SEBASTIAN COUNTY COAL & MINING COMPANY v. FIDELITY FUEL COMPANY, Appellant.—296 S. W. 154.

Division Two, June 25, 1927.

1. **FINAL JUDGMENT: Satisfaction: Motion to File Cross-Petition.** After final judgment is rendered and satisfied of record defendant cannot be permitted to file in the same cause a cross-petition in which he seeks to have litigated again a matter stricken from his answer in the original action.

2. ————: **Cross-Petition: Motion to Strike Out Sustained: Considered as Demurrer: Motion to Reopen.** Admitting that a motion to strike out a cross-petition contained in the answer is in fact a demurrer, and that the rules applicable to demurrers should be applied to it, a motion for leave to reopen the case after final judgment cannot be sustained, where, after the motion to strike out was sustained, defendant made no request to file an amended pleading, but treated the ruling as final, duly excepted thereto, sought and obtained a review of the ruling in the appellate court, and there the order striking out the cross-petition was affirmed; for, while the motion to strike out served all the purposes of a demurrer, the order sustaining the motion and striking out the cross-petition served all the purposes of a final judgment upon demurrer, and in effect was a final disposition of the subject-matter of the cross-petition.

3. **APPEAL: Motion to Reopen Case: Final Judgment.** The order of the trial court refusing to grant to defendant leave to reopen a case after final judgment, and to file a cross-petition to plaintiff's original action, may be treated as a final judgment, from which defendant is entitled to an appeal.

---

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 316, p. 489, n. 36. **Pleading,** 31 Cyc., p. 657, n. 9; p. 669, n. 56.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Goodwin Creason* and *A. N. Gossett* for appellant.

(1) The trial court erred in overruling defendant's motion to permit it to file the amended cross-bill or counterclaim for the reasons: (a) Plaintiff's motion to strike out the whole cross-bill or counterclaim set out in defendant's second amended answer to plaintiff's third amended petition, going to the sufficiency of the pleading, must, under the decisions of this court, be governed by the rules applicable under the statute to general demurrers to like pleadings. Paddock v. Summers, 102 Mo. 235; State ex rel. v. Ellison, 266 Mo. 423; Ewing v. Vernon County, 216 Mo. 681. (b) Sec. 1226, R. S. 1919, prescribed the grounds upon which a demurrer may be filed

against a pleading, one of them being that the pleading states no cause of action or no defense (just the grounds set up in plaintiff's motion to strike said second amended cross-petition of defendant). (c) Section 1229 provides that if a demurrer to a pleading be sustained, the pleader may take either one of two courses; first, he may stand on his pleading and let judgment go against him, which becomes final, and ends his case or defense, unless the action of the trial court is reversed on appeal; or, second, he may file an amended pleading. (d) The court in its decision on the former appeal, 274 S. W. 774, treated plaintiff's so-called motion to strike out defendant's cross-petition, by the rules applicable under the statute to a general demurrer. The plaintiff in its motion, challenged the sufficiency of the cross-petition. This court pointed out reasons why said cross-petition did not state cause of action, and on that ground alone, affirmed the action of the trial court in striking out the cross-petition. Under the statute, and the above decisions, only a demurrer lies in such case. (2) Until there is a judgment entered of record in the trial court against the pleader, his case is still pending in that court, and the appellate court has no jurisdiction, although it sometimes does consider the case and comment on the point raised, as did this court in the case at bar on the former appeal. Nobles v. Spalding, 51 Mo. 571; Spears v. Bond, 79 Mo. 467. (3) In the case at bar, no judgment has ever been entered for or against the defendant on its cross-petition. Therefore it follows, as of course, that defendant is still in the lower court, and that that court erred in refusing to permit defendant to file its amended cross-petition and counterclaim. Authorities above. (4) On many occasions, this court has held that it would not allow a creditor who has a lien on the debtor's property of many times the value of the debt to him, to take over that security as his own, without a foreclosure of the lien, because to do so, would be so unconscionable and oppressive as to ruin the debtor and to stock the conscience of the court. Brent v. Robinson, 16 Mo. 129; Wilson v. Drumrite, 21 Mo. 325; Chance v. Jennings, 159 Mo. 554; Reiley v. Cullen, 159 Mo. 322; Robb v. Wolf, 148 Mo. 334; Book v. Beasley, 138 Mo. 460; O'Neil v. Cappelle, 62 Mo. 205; Cobb v. Day, 106 Mo. 278; Sheppard v. Wagner, 240 Mo. 409.

*O. E. Swan, Cyrus Crane* and *John H. Lathrop* for respondent.

(1) The first appeal from the original judgment ended the jurisdiction of the circuit court and the mandate of this court affirming the judgment ended the case. The circuit court did not thereafter have jurisdiction to permit the filing of a so-called amended cross-petition or counterclaim. Essey v. Bushakra, 304 Mo. 231; Citizens

National Bank v. Donnell, 195 Mo. 564; State ex rel. Robertson v. Kelly, 293 Mo. 297; Keaton v. Jorndt, 259 Mo. 179; State ex rel. v. Edwards, 144 Mo. 467; Viertel v. Viertel, 212 Mo. 562; Donnell v. Wright, 199 Mo. 304. (2) The contention that the original judgment was not final is *res adjudicata,* but there is no doubt that the original judgment was final, and did not have to embrace a finding on the original cross-petition. That pleading was stricken out on proper motion long before trial and was not in the case at the time judgment was entered. Sebastian County Coal & Mining Co. v. Fidelity Fuel Co., 310 Mo. 158, 274 S. W. 774; Ewing v. Vernon County, 216 Mo. 681; Johnson v. United Railways, 227 Mo. 423.

RAGLAND, J.—In 1916, the Sebastian County Coal & Mining Company sued the Fidelity Fuel Company and two other defendants in the Circuit Court of Jackson County, to recover certain past due installments of the rent reserved under a mining lease. To the plaintiff's petition in that case the defendant, Fidelity Fuel Company, filed an answer and a cross-petition. In the cross-petition it alleged that it had on the demised premises certain mining tools and equipments of the value of $30,000, "which the plaintiff [had] wrongfully and unlawfully seized and converted to its own use, to the damage of the defendant in the sum of $30,000." Plaintiff filed a motion to strike out the cross-petition, based on a number of grounds —among others, that it did not state facts sufficient to constitute a cause of action against plaintiff. The motion to strike out was sustained, and defendant, without asking leave to file an amended pleading, excepted to the court's ruling, and thereafter preserved its exception by a term bill. Subsequently the cause went to trial on the petition and answer, and resulted in a judgment against the defendant, Fidelity Fuel Company, in which no reference was made to its cross-action. From such judgment it prosecuted an appeal to this court, and on that appeal secured a review of the circuit court's ruling, striking out its cross-petition. In fact, the correctness of that ruling presented the principal, if not the only, question for determination on the appeal. Upon full hearing and consideration the ruling of the circuit court was approved and its judgment affirmed. [Coal & Mining Company v. Fuel Company, 310 Mo. 158.] Subsequently the defendant paid the judgment and caused it to be satisfied of record. Thereafter, on March 6, 1926, it applied to the circuit court for leave to file in the same cause an amended cross-petition. Plaintiff. appeared specially and objected to the court's attempting to exercise further jurisdiction in the cause. The objection was sustained, and the leave applied for denied. From the court's order denying the leave so applied for the defendant again appealed. And that is the proceeding now here.

Appellant's position is briefly this: The motion to strike out was in substance a general demurrer to the defendant's cross-petition; no final judgment on the demurrer, disposing of the cause of action against the plaintiff attempted to be pleaded therein, was ever entered; consequently, that action is still pending, and defendant has as of course a right to file an amended pleading therein. It is true that motions to strike out pleadings of the character of the one in question here have been held to be in fact demurrers, and consequently that they should be judged of by the rules pertaining to demurrers. Stated differently, when a motion is to all intents and purposes a demurrer dispositive of the whole case on a matter of law, the rules relating to demurrers may be applied to such motion. However, the doctrine has been invoked and applied, for the most part, in determining the question of whether the trial court's ruling on such a motion is open to appellate review as a part of the record proper, or whether an exception thereto must be saved and the court's attention again called to it in a motion for a new trial. [Shohoney v. Railroad, 231 Mo. 131, and cases there cited and reviewed.] In the case now sought to be re-opened by appellant no such question was raised. When the court's order striking out the cross-petition was entered, defendant did not ask leave to file an amended pleading, but treated the court's action as final, duly excepted thereto, preserved its exception, and thereafter sought and secured an appellate review of the ruling. It will thus be seen that, while the motion served all the purposes of a demurrer, the order sustaining it and striking out the cross-petition likewise served all the purposes of a formal judgment on demurrer. The order was in effect a final disposition of defendant's case on a matter of law, and the parties so considered and treated it. [See Austin v. Loring, 63 Mo. 19, 21; and also Johnson v. Railroad, 227 Mo. 423, 434.]

Respondent has moved to dismiss the appeal, on the ground that there is no provision of the statute authorizing it. The court's order refusing defendant the leave requested may, we think, be treated as a final judgment *in this proceeding*, within the purview of the statute.

The order and judgment of the circuit court are affirmed. All concur.