CHARLES W. DICKEY, Administrator of Estate of SAMUEL N. DICKEY, v. WEBSTER COUNTY, Appellant.—300 S. W. 1086.

Division Two, December 31, 1927.

822

*Haymes & Dickey* for respondent.

*Edwin W. Mills* for appellant in reply.

HENWOOD, C.—The original plaintiff in this case, Samuel N. Dickey, filed suit against Webster County, Missouri, in the circuit court of that county, for the balance alleged to be due and owing

to him on his salary as prosecuting attorney of the county. He died on December 13, 1925, and the cause was revived in the name of his son and administrator, Chas. W. Dickey. In his amended petition, the administrator seeks to recover the sum of $737.89, as the total of the monthly balances alleged to be due on said salary, together with interest thereon at the rate of six per cent per annum. On the administrator's motion, certain parts of the county's answer were stricken out. The administrator then moved for judgment on the pleadings and stipulations. This motion, also, was sustained and judgment rendered in favor of the administrator for the sum of $737.89. After its motion for a new trial was overruled, the county appealed, but filed no bill of exceptions.

The abstract of the record filed by appellant, in connection with its brief and argument, consists of the respondent's amended petition, appellant's answer to said petition, a stipulation signed by the parties, in which they agree that certain facts shall be considered as true and correct, respondent's motion to strike out certain parts of appellant's answer and the court's order sustaining the same, respondent's motion for judgment on the pleadings and stipulations and the judgment rendered, appellant's motion for a new trial and the court's order overruling the same, and appellant's application for an appeal and the court's order granting appellant an appeal to this court.

In connection with his brief and argument, respondent filed an additional abstract of the record, which consists only of appellant's answer as it appears when the parts stricken out are omitted.

Respondent also filed a motion to dismiss the appeal in this case "for the reason that the appellant in its brief has not furnished the court with a clear and concise statement of the points intended to be insisted on in the argument, and has not set forth the errors alleged to have been committed by the trial court as is required by the statutes of the State of Missouri and by Rule No. 15 of this court." This motion, by order of the court, was taken as submitted with the case.

I. Our examination of appellant's brief discloses that it is subject to some criticism in the particulars mentioned in respondent's motion to dismiss the appeal. However, under the view of the case expressed by counsel for appellant, his brief, taken as a whole, complies, substantially, with the rules of this court. The motion is, therefore, overruled.

II. This brings us to a consideration of the case on the record before us. Manifestly, our review is limited to the record proper, no bill of exceptions being filed. Under the general rule, the motion to strike out certain parts of the answer, the motion for judgment on

the pleadings and stipulations, and the motion for a new trial, included in appellant's so-called abstract of the record, could only become a part of the record by virtue of a bill of exceptions, in which such motions and exceptions to the rulings thereon are properly preserved.

Counsel for appellant, in his reply brief, contends that the motion to strike out, in this case, served the purpose of a demurrer, that it disposed of the case, and is, consequently, a part of the record proper, of which we must take notice. If the motion to strike out is essentially a demurrer, as counsel contends, then it is open to review here as a part of the record proper. This exception to the general rule is supported by well established authority in this State. But, as we view the motion, in connection with the answer stricken at, it did not fill the office of a demurrer, and, therefore, does not invoke the exception to the general rule.

The petition, in substance, alleges that Webster County is a governmental subdivision of the State of Missouri; that Samuel N. Dickey died on December 13, 1925, and that respondent is the duly appointed, qualified and acting administrator of his estate; that the said Samuel N. Dickey was the duly elected, qualified and acting Prosecuting Attorney of Webster County from January 1st to December 13, 1925, and that, as compensation for performing the duties of said office, he was legally entitled to an annual salary of $2500, in monthly payments of $208.33⅓; that he was justly entitled to receive a total of $2387.89, as salary for his services, during the time of his incumbency in said office; that, at the time of his death, aforesaid, he had received only $1650 for said services, covering monthly payments of $150 each, beginning February 1, 1925, and ending December 1, 1925; that said county, acting through its county court, refused to pay him the balance of $58.33⅓ due on said monthly salary payments; and that there is now due his administrator the sum of $737.89, the same being the unpaid balance on said salary. In the prayer of the petition, the administrator asks judgment for $737.89, together with interest at the rate of six per cent per annum on said unpaid monthly balance on said salary.

The answer specifically admits all of the allegations of the petition, excepting those allegations which relate to the balance due on said salary. As to these allegations, the answer contains a specific denial, in the following language:

"Defendant denies that it owes plaintiff the amounts sued for in said first amended petition or any part thereof."

As a special affirmative defense, the answer states that the said Samuel N. Dickey failed to file, with the county court, quarterly reports of all fees collected and all fees due and uncollected in his

office, on March 31st, and June 30, 1925, as required by Section 735, Revised Statutes 1919, and did not file any report whatever of said fees until August 13, 1925; and further states that, by reason of his failure to file said reports, he forfeited his salary under the provisions of Section 737, Revised Statutes 1919.

The motion to strike out mentions specifically and with particularity only those parts of the answer which relate to said special affirmative defense.

From this reference to the pleadings and to the motion, it is apparent at once that, regardless of the court's ruling on this motion, there was another issue for trial under the county's specific denial of liability for "the amounts sued for in said amended petition or any part thereof." It follows that the motion to strike out certain parts of the answer did not operate as a demurrer in this case, and that the motion and the trial court's ruling thereon are not proper subjects for our consideration. The general rule, referred to above, is well stated in the case of Interstate Railway Co. v. Railroad, 251 Mo. 1. c. 718, 158 S. W. 1. c. 352, as follows:

"A motion to strike out part of a pleading is not a part of the record proper, but is matter of exception which must not only be preserved in a bill of exceptions, but also be called to the trial court's attention in a motion for new trial, and the motion for new trial and the exception to the overruling of same must be preserved by proper bill of exceptions before the matter can be reviewed here."

See also the cases of Carder v. Drainage District, 262 Mo. 542, 172 S. W. 13; Sotham v. Telegram Co., 239 Mo. 606, 144 S. W. 428; Shohoney v. Railroad, 231 Mo. 131, 132 S. W. 1059.

Counsel for appellant, in his reply brief, also refers to respondent's motion for judgment on the pleadings and stipulations and appellant's motion for a new trial. What we have said concerning the motion to strike out applies with equal force to the motion for judgment on the pleadings and stipulations. [Godfrey v. Godfrey, 228 Mo. 507, 128 S. W. 970.] And it is elementary that a motion for a new trial cannot be considered on appeal unless such motion and the exception to the trial court's action in overruling the same are properly preserved in a bill of exceptions. [State ex. inf. v. Morgan, 268 Mo. 265, 187 S. W. 54.]

No error appears in the record proper. The petition states a cause of action against appellant and the judgment rendered below is fully supported by the allegations of the petition.

The judgment is affirmed. *Higbee* and *Davis, CC.*, concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.