NELLIE MAYES, Appellant, v. UNITED GARMENT WORKERS OF AMERICA ET AL.—6 S. W. (2d) 333.

Court en Banc, May 18, 1928.

*R. N. Rooks, Brownrigg, Mason & Altman* and *R. P. Williams* for appellant.

*John P. Leahy* for respondents.

ATWOOD, J.—This is an appeal from an order and judgment of the circuit court sustaining a plea in the nature of a plea in abatement interposed by defendant United Garment Workers of America, and dismissing plaintiff's suit as to said defendant.

Plaintiff's petition avers that defendant United Garment Workers of America is a trade union, having an office in the city of St. Louis, Missouri; that it makes contracts for its members with the overall and clothing factories using the union label, and will not permit any employee to be employed in any factory where the union label is used unless such employee is a member of the United Garment Workers of America; that on October 31, 1922, and for several years prior thereto, plaintiff was a member of Local No. 238 of the United Garment Workers of America; that on said date she was unlawfully expelled therefrom; that soon thereafter said Local No. 238 was reorganized as Lodge No. 111 of the United Garment Workers of America; that said Lodge No. 111 refused to admit plaintiff to its membership, because of her expulsion from Local No. 238; that said expulsion was in violation of sections 8 and 15 of the constitution of the United Garment Workers of America, said sections being fully set out in the petition; that plaintiff did not wilfully slander the general officers or any of the members of the United Garment Workers of America; that one member of the trial committee made a motion that plaintiff be expelled, which motion was seconded and carried without evidence being submitted to prove said charges of slander; that defendant United Garment Workers of America, by a committee from Local No. 238 or from Lodge No. 111 of the United Garment Workers of America, went to the Red Diamond Cothing Company, where plaintiff was employed, and demanded that she be discharged; that she was thereupon discharged; that she has since made reasonable efforts to secure employment which would pay her a like sum of wages, but her efforts have proved unsuccessful. The prayer was for $600 damages for loss of wages and $10,000 for mental suffering and humiliation caused by said expulsion.

Thereafter, on November 1, 1923, defendant United Garment Workers of America filed a plea in said cause entitled, "Plea of Defendant United Garment Workers of America in the Nature of a Plea in Abatement." Said plea stated that this defendant appeared specially; that in plaintiff's petition this defendant is described as a trade union having an office in the city of St. Louis; that in the return of the Sheriff of the city of St. Louis this defendant is described as a voluntary association; that there is not or was not at the date of the alleged service of process upon this defendant any law

in force in the State of Missouri authorizing the service of writs or processes of the court upon trade unions; that the statute under which the return of the sheriff was made, to-wit, the Laws of 1915 of the State of Missouri, page 225, now Section 1186, Revised Statutes 1919, is void, unconstitutional and in violation of Section 28, Article IV, of the Constitution of the State of Missouri, in that the act contains more than one subject, which is not clearly expressed in the title or headnote thereof; that said statute is void and in contravention of the provision of Section 1, Article XIV, of the Constitution of the United States in that, while it purports to provide a method by which voluntary or incorporate organizations may be sued, no reciprocal rights are given to the said voluntary organizations to sue under their names any person or persons whatever, and, therefore, the said defendant is denied the equal protection of the law; that said section is also unconstitutional and void in that it violates the provisions of the same section and article of the Constitution of the United States, because it denies to this defendant the right of not being deprived of its property without due process of law; that for said reasons this defendant cannot sue or be sued, either as a voluntary organization or a trade union, under the laws of Missouri in the matter in which service was obtained in this case, and that the court has no jurisdiction to render a judgment against the defendant.

We are not favored by either side with a copy of the judgment rendered, but the briefs apparently concede that upon consideration of the petition, the sheriff's return, the plea in abatement and the law applicable thereto, the trial court, on August 1, 1924, sustained said plea in abatement and dismissed plaintiff's cause as to said defendant, United Garment Workers of America, and thereafter, on August 13, 1924, on plaintiff's motion, it was ordered by the court that said cause be dismissed as to the other defendants herein. On the same day plaintiff filed her affidavit for an appeal to the Supreme Court, and the appeal was thereupon granted.

Appellant has filed no bill of exceptions, and on the threshold of our consideration of this case we are met with the contention that defendants' plea, self-styled "in the nature of a plea in abatement," and the trial court's ruling and judgment thereon, are matters of exception, not part of the record proper, and therefore, cannot be considered by this court on appeal.

In 4 Corpus Juris, 98, Section 1703, it is said that in an ordinary civil action "the record proper consists of the process, with the return thereon, the pleadings, and verdict, if tried by a jury, or the decision, if tried by the court, and the judgment." In Bateson v. Clark, 37 Mo. 31, we said: "The record proper, by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment." In Crossland v. Admire, 149 Mo. 650, and in

Hill v. Combs, 92 Mo. App. 242, a somewhat broader range is indicated, but these definitions will here suffice.

Is this plea of defendant United Garment Workers of America a pleading in the case and hence a part of the record proper? At common law such a plea (one to abate the action) had to be tried before joinder upon the merits, but our statute (Sec. 1224, R. S. 1919), provides that "the only pleading on the part of the defendant is either a demurrer or an answer." [Hallen v. Smith, 305 Mo. 157, l. c. 168.] In Garber v. Missouri Pacific Ry. Co., 210 S. W. l. c. 378, 379, we said that "a demurrer, or even a motion, which in substance amounts to a demurrer, is a part of the record proper and requires no preservation in the bill of exceptions." The same may be said of a plea or motion which in substance amounts to an answer. This plea was clearly one to the jurisdiction, the contention being that the trial court, on the conceded facts and under the law, had no jurisdiction of this defendant. It was in no sense a motion to quash the sheriff's return. Defendant might have joined a plea to the merits without waiving the question of jurisdiction (Thomasson v. Ins. Co., 217 Mo. 485, l. c. 498), but the fact that it did not choose to do so does not prevent the plea from amounting to a pleading in the case. In Hallen v. Smith, supra, we thus quoted from Bliss on Code Pleading (3 Ed.) sec. 345:

"The code requires the defendant either to demur or answer, and in his answer he is allowed to set up as many defenses as he may have. Only one answer is contemplated, and all the defenses which he elects to make must be embraced within it. Matter in abatement is as much a defense to the pending action as matter in bar, and to say that the defendant may reserve the latter until a trial shall have been had upon the issues in regard to the former, would interpolate what is not in the statute—would be inconsistent with its plain and simple requirements."

The question of jurisdiction is reached by demurrer if the lack of same appears upon the face of the petition, or by answer if it appears *dehors* the petition. [Secs. 1226, 1230, R. S. 1919.] This defendant filed no other plea and the matter set up therein as effectually raised the issue which this defendant chose to raise as a demurrer or answer could have done. Whether it amounts to the one or to the other is immaterial. It was intended to be and was in fact dispositive of the whole cause, hence it was a pleading in the case, a part of the record proper, and the trial court's ruling thereon is here reviewable. [Shohoney v. Railroad, 231 Mo. 131; Sebastian Co. Coal & Mining Co. v. Fid. Fuel Co., 296 S. W. (Mo. Sup.) 154.] This feature of the present case is clearly distinguishable from Leahy v. Mercantile Trust Co., 296 Mo. 561, l. c. 584, and other cases cited by respondent, where the trial court's ruling on a motion for judgment on the plead-

ings, or its rulings on other motions made in the progress of the case, were held to be matters of exception and not part of the record proper.

It is apparent from an inspection of the record proper that the trial court concluded that defendant was not a suable entity. As to this matter, apart from the constitutional questions raised, we are of the opinion that defendant's plea presents no issuable facts. The plea in abatement does not allege that the defendant is a voluntary association, but simply avers that it is so described in the sheriff's return. It was not necessary for the sheriff in making his return to the writ of summons to characterize the defendant so in order that he might state "the time, place and manner of service." [Sec. 1189, R. S. 1919.] Therefore, the statement in the sheriff's return that defendant was "a voluntary association" was irrelevant, importing no verity, and binding on no one. This allegation in defendant's plea raises no issue. [Sidway v. Mo. L. & L. Stock Co., 163 Mo. l. c. 374; State ex rel. Home Savings Inst. v. Lee, 288 Mo. l. c. 698.] Furthermore, in this plea defendant seizes upon the allegation in plaintiff's petition that defendant is "a trade union," and then without any further allegation of fact or characterization of defendant, asserts that there is no law authorizing the service of process upon a trade union. This is also obviously the statement of a legal conclusion and raises no issue. As a matter of fact many trade unions are incorporated and such, of course, can sue and be sued. Some unincorporated trade unions provide for the payment of benefits upon the death or physical disability of their members in accordance with the provisions of the statute dealing with fraternal beneficiary associations, and adequate provisions are made by law for the service of process upon them. Others may be voluntary associations having or not having powers or privileges not possessed by individuals or partnerships. Defendant's plea raises no issue in this respect. Had defendant desired to take advantage of what it may have deemed defective service it should, and doubtless would, have done so by motion to quash the sheriff's return. The plea discloses no intention to challenge the sufficiency of plaintiff's petition to state a cause of action. It elected to rest its objection that it is not a suable entity upon the single specific allegation of the petition that defendant is "a trade union," but this fact alone does not warrant the conclusion that defendant is not a suable entity. Having undertaken to abate the suit on this ground defendant should have pleaded issuable facts and not mere conclusions of law. The trial court erred when it assumed that merely because defendant is a trade union it is not a suable entity.

While defendant is only characterized generally as "a trade union" in the record before us its characteristics may on a retrial be shown with particularity, and we shall, therefore, consider the main con-

stitutional question raised in defendant's plea. Assuming that process was served herein and the sheriff's return made under Section 1186, Revised Statutes 1919, this section, enacted in 1915, is attacked as violative of Section 28, Article IV, of the Missouri Constitution, which requires that such a bill contain but "one subject, which shall be clearly expressed in its title."

In Black's Law Dictionary the title of a statute is defined as "the heading or preliminary part, furnishing the name by which the act is individually known. It is usually prefixed to the statute in the form of a brief summary of its contents; as 'An act for the prevention of gaming.'" The section here in question as enacted in 1915 appears on pages 225 and 226, Laws of Missouri 1915. Its title is as follows:

"AN ACT to amend section 1760 of article 4, chapter 21, Revised Statutes of Missouri of 1909 by amending section 1760 as shown on pages 138 and 139, session laws of 1911 by inserting certain words."

Appellant quotes as follows from our opinion in City of St. Louis v. Tiefel, 42 Mo. 1. c. 590:

"If the title of an original act is sufficient to embrace the provisions contained in an amendatory act it will be good, and it need not be inquired whether the title of the amendatory act would of itself be sufficient."

Apparently in an effort to follow the above citation appellant quotes the following from page 138, Laws of Missouri 1911, as the title of the act:

"CIVIL PROCEDURE-GENERAL CODE: Commencement of Actions and Service of Writs and Notices—Clerk to Make and Certify Copies of Writ."

We do not think this is the title of the act. It does not purport to be the title any more than the subsequent section which sets forth a digest of the amending matter followed by a prefatory statement of the amending matter itself, and which in State v. Long, 238 Mo. 1. c. 390, we said is not required by the Constitution at all. As said in City of St. Louis v. Tiefel, supra, the purpose of the constitutional provision here invoked was to "prevent surprise or fraud upon the members of the Legislature by means often resorted to in the provisions of bills, of inserting matters of which the title gave no intimation; and also to effectually stop the vicious and corruptive system familiarly known as 'log-rolling.'" Manifestly, we must look to the purported title of the act and not to mere headings or prefatory matter thrown in but not purporting to be the title or any part thereof. The purported title of the act above referred to as enacted in 1911 appears on page 138, Laws of Missouri 1911, as follows:

"AN ACT to amend section 1760, of article 4, of chapter 21, of the Revised Statutes of Missouri of 1909, by striking out certain words and inserting certain other words in lieu thereof."

The great majority of cases hold that it is sufficient for the title of an act to amend a code or revision, to specify the section to be amended, without giving the title of the chapter or division to which it belongs or in any way indicating the subject-matter of the section. Under such a title any legislation is proper which is germane to the section specified. [1 Lewis-Sutherland on Statutory Construction, p. 239, sec. 141.] The section specified is 1760, Revised Statutes 1909. It consisted of but two sentences. The first sentence dealt exclusively with the execution of summons. The second sentence was as follows: "All copies of said writ shall be made by the officer serving same, and for each copy necessarily made by him he shall be entitled to a fee of ten cents." The sole matter of amendment of the Act of 1911 was the striking out of this last sentence and the insertion of the following in lieu thereof: "All copies of said writ shall be made and certified by the clerk issuing the original writ." The only matter of amendment of the Act of 1915 was the expansion of the first sentence by adding thereto after the last word "thereof," the following:

"Seventh, where any action shall be commenced against any voluntary or unincorporated association or organization it may be sued in the name it has selected or by which it is known or uses and summons may be served on it by delivering a copy of the writ and petition to the president or other officer, agent or employee, in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where said service may be obtained, and when had in conformity herewith shall be deemed personal service against such voluntary or unincorporated association or organization and authorized the rendition of a general judgment against it."

So, the exact question here presented is whether or not the seventh subdivision of the section as amended in 1915, which is the new matter brought in by that amendment, is germane to the six preceding subdivisions of the section. As above stated, the original sentence which embraced these six subdivisions dealt exclusively with the subject of execution of summons. It did not purport to create, constitute or define suable entities. Respondent here insists that the section as amended in 1915 undertakes, by the new matter contained in the seventh subdivision thereof, to create, constitute and define a voluntary or unincorporated association or organization as a suable entity. If so, it is in that respect a departure from the subject previously dealt with and not germane to the six preceding subdivisions, and any language therein susceptible of such interpretation is open

to the constitutional objection raised. On the other hand, if the new matter inserted in 1915 does nothing more than prescribe the manner in which process shall be served upon voluntary or unincorporated associations or organizations if and when they may be sued, the amending act is not in conflict with this provision of the Constitution.

If this latter end was the only purpose sought to be accomplished by the amendment the language used was clumsy and misleading. In reading it one can scarcely avoid the conclusion that in an indirect fashion it also constitutes voluntary or unincorporated associations and organizations suable entities. We so construed this part of the section as amended (Sec. 1186, R. S. 1919), in State ex rel. Home Savings Inst. v. Lee, 288 Mo. l. c. 703. However, we are not bound to declare the whole act unconstitutional merely because a part is unconstitutional. While the new matter in the amendment of 1915 conflicts with Section 28 of Article IV of the Constitution insofar as it undertakes to constitute voluntary or unincorporated associations and organizations suable entities, it does not so offend to the extent that it prescribes the manner of serving process upon such associations and organizations, if any there be, as are otherwise properly constituted suable entities. This is a sufficient statement of our views on the case now before us, and we express no views on the other constitutional questions mentioned in defendant's plea.

For the reasons above stated the judgment is reversed and the case remanded.

All concur except, *Walker, C. J.,* who dissents in separate opinion.

WALKER, C. J., (dissenting).—I do not concur in that paragraph of the opinion of my learned associate holding that the plea in abatement can be considered in the absence of a bill of exceptions preserving the same. It is not a correct statement of the character of this plea to say that: "it is one of the recognized pleadings in a case in the nature of an answer." It possesses none of the characteristics of an answer. To constitute the plea one of the "recognized pleadings in a case," within the meaning of the rules of the common law and the code, it would be necessary for it to be based, as in the case of a demurrer, exclusively upon matters appearing of record, which would render it determinable upon a bare inspection of the record. If the plea possessed these characteristics it would intrinsically become a part of the record proper and require no bill of exceptions to entitle it to a review. It does not possess them, however, and is classed generally as a collateral motion, which is said to be one, "not in due course," but which is directed to matters *not of record,* although in its discussion and determination it may be legitimately connected with the record. [Sec. 191, p. 163, Elliott's Appellate Procedure.]

20

A plea in abatement, therefore, in a limited way, may be said to be substantially a plea in bar or a dilatory plea. [Allin v. Conn. River Lumber Co., 150 Mass. 560.] No authority that I am aware of holds to the contrary. Thus classified, to entitle it to a review in an appellate court, it should be incorporated in the bill of exceptions. [State v. Judge, 285 S. W. (Mo.) 718, 720.]

We have repeatedly held that the record proper on appeal consists of the petition, the summons and all subsequent pleadings, including the verdict, judgment and all orders emanating from the court and entered upon its records. As we have shown, a plea in abatement separately made cannot be considered as "a subsequent pleading" and hence a part of the record proper. I am, therefore, of the opinion that the holding to the contrary is error.