HOME INSURANCE COMPANY OF NEW YORK, Appellant, v. MISSOURI POWER & LIGHT COMPANY.—39 S. W. (2d) 1039.

Division Two, June 5, 1931.

*C. C. Crow, W. A. Lintner* and *Geo. W. Eastin* for appellant.

*E. B. Hamilton* and *Mills & Jayne* for respondent.

*C. C. Crow, W. A. Lintner* and *Geo. W. Eastin* for appellant in reply.

WHITE, P. J.—The record in this case recites that August 5, 1927, the plaintiff filed a petition in the Circuit Court of Sullivan County; that May 12, 1928, defendant filed a motion to make said petition more definite and certain, and on the same day said motion was sustained. Whereupon plaintiff filed an amended petition which alleged the corporate character of defendant; that it was engaged in furnishing electricity, etc., in Green City, Sullivan County, Missouri; that plaintiff was a New York corporation transacting fire insurance business and licensed to do business in Missouri; that October 4, 1925, A. O. Anderson was the owner of a certain ice plant with machinery described, in a building in Green City; that plaintiff had issued to said Anderson an insurance policy to indemnify him against loss by fire of the property described, providing for the payment of $8,000 to Anderson if said property was destroyed by fire; that the property was destroyed by fire October 4, 1925, and plaintiff paid to said Anderson $8,000 as provided in the policy. The petition then proceeded as follows:

"Plaintiff states that it was provided by the terms of said policy of insurance issued to said Anderson, as follows:

" 'If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment.'

"Plaintiff states that at the time of the fire and ever since said fire plaintiff has and does now claim that the fire that destroyed said Anderson's building and all personal property, as herein described, was caused solely by defendant, Missouri Light & Power Company, as hereinafter stated.

"Plaintiff states that after the payment of the eight thousand dollars by plaintiff to Anderson as herein alleged, and in accordance with the terms of the contract between plaintiff and said Anderson, there was made, executed and delivered to plaintiff, in writing, an assignment of all right that said Anderson had, to the extent of

the payment made by plaintiff, against the above defendant herein, and said assignment was duly and regularly had and made in accordance with the terms of the original contract of insurance between plaintiff and said Anderson.

"Plaintiff states that prior to the entering into the contract of insurance between it and said Anderson there was a contract entered into between said Anderson and Missouri Light & Power Company, whereby and under the terms of which said Missouri Light & Power Company was to furnish to said Anderson sufficient electricity to furnish light and power for the building in this petition described, and that for a long time prior to the 4th day of October, 1925, said defendant company did furnish said Anderson with a sufficient voltage or amount, and no more, of electricity, in accordance with its contract so to do, but that a short time prior to or on October 4, 1925, the defendant caused and permitted electricity to be transmitted over the wires leading to the building occupied and owned by said Anderson a voltage or amount of electricity greatly in excess of the amount necessary to light said premises, and that said voltage or amount of electricity was grossly in excess of the amount necessary to light said premises and furnish power therefor and was very dangerous to life and property, and that on or about the 4th day of October, 1925, as a result of permitting the greatly excessive voltage or amount of electricity to pass to and through the wires to the building owned by said Anderson, the fire occurred which destroyed all the personal property owned by said Anderson. Plaintiff states that the fire which destroyed said property was caused solely by reason of the fact that defendant caused and permitted a grossly excessive amount of voltage or electrical fluid to flow through its wires into said building, the exact voltage being unknown to the plaintiff. That by reason of all the facts stated plaintiff was compelled to and did pay said Anderson said sum of eight thousand dollars on the 26th day of October, 1925, and that by reason of the acts and conduct of defendant herein and by reason of the assignment herein stated, this plaintiff has been damaged in the sum of eight thousand dollars, with interest from October 26, 1925.

"Wherefore, plaintiff prays judgment against defendant in the sum of eight thousand dollars, with interest at the rate of six per cent per annum from the 26th day of October, 1925, and for its costs in this behalf expended."

Defendant, September 13, 1928, filed its amended motion to strike out said amended petition, as follows:

"Comes now defendant, and by leave of court first had and obtained, files this, its amended motion to strike out plaintiff's amended petition, and for grounds of said motion, defendant states

**1206**

that at the May term, 1928, of this court, defendant filed its motion to require plaintiff to make its petition more definite and certain, which said motion, caption and signatures omitted, is as follows:

" 'Motion to Make Petition More Definite and Certain.

" 'Comes now the defendant and prays the court to require the plaintiff to make its petition in this action more definite and certain, and for grounds of said motion states that in said petition it is alleged that an excessive amount of electricity passed into the wires of the building owned by Anderson, which said statement is an opinion and conclusion of the pleader and does not aver or set forth the amount of said electric current, nor does said petition state that defendant knew, or by the exercise of ordinary care, could, and should have, known of such fact, if it be a fact, nor does said petition aver or state who owned or controlled the electric wiring in the building in question; and defendant states that said omitted allegations are material and that it cannot safely prepare its defense in this action or proceed to trial herein unless plaintiff is required to amend its petition in the above respects.'

"Defendant states that on the — day of May, 1928 at the May term, 1928, of this court, said motion was presented to the court, and the court, after being fully advised, did sustain said motion and did grant plaintiff leave to file its amended petition to comply with the ruling of the court, as appears by the record entry of this court made at this time.

"Defendant further states that thereafter plaintiff filed its amended petition in this cause; that said amended petition does not comply with the ruling of the court in that it does not definitely allege or set forth the amount of electric current claimed to have been on the wires entering the building in question; that it does not state that the defendant knew, or by the exercise of ordinary care could have known of the existence or presence of an excessive amount of electric current and said amended petition does not allege or aver or state who owned or controlled the electric wiring in the building in question.

"Wherefore, defendant states that said amended petition is not in fact an amendment and does not comply with the order of the court heretofore made, and defendant prays that said purported amended petition be stricken from the files."

At the September Term, 1928, the court sustained the latter motion and rendered judgment as follows:

"Now on this 8th day of September, 1928, comes the plaintiff by its attorneys and the defendant by its attorneys, and the defendant's amended motion to strike out plaintiff's amended petition is taken up and considered by the court, and the court after being fully advised in the premises and hearing the evidence adduced

and arguments of counsel, doth sustain said motion to strike plaintiff's amended petition from the files.

"It is, therefore, by the court ordered, adjudged and decreed that plaintiff's amended petition be, and the same hereby is, stricken from the files of this court and the plaintiff refusing to plead further, it is thereupon by the court ordered and adjudged that plaintiff take nothing by its writ and that defendant go hence without day and recover of the plaintiff, its costs in this behalf expended and that execution issue therefor."

Whereupon the plaintiff appealed, September 12, 1928.

December 10, 1930, appellant filed in this court its abstract of the record and brief.

December 30, 1930, the respondent filed in this court objections to the abstract of the record filed by appellant.

The objections were taken with the case. No ruling was asked.

January 10, 1931, respondent filed its motion to dismiss the appeal, alleging among other things a failure of appellant to comply with Rule 15 of this court in that it made no assignment of errors and presented no statement in numerical order of the points relied upon. This motion was taken with the case.

The brief of appellant makes no formal assignment of errors, but asserts as one point that the court erred in sustaining defendant's amended motion to strike out the plaintiff's amended petition

No bill of exceptions was filed in the case and no motion for new trial. It is conceded by appellant that we cannot consider the original petition, nor the motion to make it more definite and certain; that we can consider only the record proper, the amended petition, the motion to strike out, the ruling upon it and the judgment.

The rules of procedure which govern the action of the trial court and of this court must be enforced if we would have a regular, orderly and authentic record upon which to base our judgments.

The record proper contains the amended petition and the judgment. The question for consideration is whether the motion to strike out that amended petition and the ruling upon it are for our consideration. We have set out that motion to strike, though not authenticated by any bill of exceptions.

Where a motion to strike out performs the office of a demurrer and disposes of a case it may be treated as a demurrer and therefore a part of the record proper, of which we may take cognizance although it is not contained in the bill of exceptions. [Dickey v. Webster County, 300 S. W. 1086.] In Ewing v. Vernon County, 216 Mo. 681, l. c. 686, the court had under consideration a motion to strike out the petition. It was there said:

"Motions and demurrers seek different remedies. A motion seeks some order of court falling short of the dignity of a judgment; a

demurrer raises an issue of law and seeks a trial and judgment on that issue.''

A motion to strike out might perform the office of a demurrer if the effect of sustaining it entirely disposes of the case. In this case does the motion perform that office? It recites that the defendant had filed a motion to make the original petition more definite and certain and sets out that motion; that the motion to make more definite was sustained. The motion to strike out alleges that the amended petition did not comply with the order of the court by making the indefinitely stated cause of action more certain and definite.

The record recites that the amended motion to strike out plaintiff's amended petition was taken up and considered by the court, ''and the court after being fully advised in the premises and *hearing the evidence adduced* and arguments of counsel doth sustain said motion to strike plaintiff's amended petition from the files.''

Thus it may be inferred that the court took expert evidence as to whether the indefinite statements in the amended petition as to the amount of electricity transmitted over the wires was in such excess as to cause the fire could be stated with definiteness and certainty. Thus the ruling of the court turns upon the failure of the plaintiff to comply with the order of the court which the court determined, after taking evidence, could have been complied with. It was a question of fact. If that ruling was erroneous, the plaintiff in order to have us review it should have had here not only the original petition and the motion to make more specific, but also the evidence which the court took for the purpose of ascertaining whether the order to make more specific could be complied with. There being no bill of exceptions, no such error is before us for review. The amended motion to strike out the amended petition did not perform the office of a demurrer; it did not challenge that petition as failing to state a cause of action. The court did not rule upon that point but merely held that the plaintiff had failed to comply with the order of the court which the court found the plaintiff could have done.

We find no error in the record as presented.

The motion to dismiss is overruled and the judgment is affirmed. All concur.