THOMAS H. RUGGLES, Appellant, v. INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS.—52 S. W. (2d) 860.

Division One, September 3, 1932.

*Frank Coffman* for appellant.

*Igo, Carroll, Higgs & Keefe* for respondent; *Frank P. Walsh* of counsel.

HYDE, C.—This is an action for $31,800 actual and $25,000 punitive damages for wrongfully suspending appellant from respondent organization. Appellant's petition contained the following allegations concerning the character of the respondent and his connection with it, to-wit:

"*Plaintiff states that the defendant*, the International Association of Bridge, Structural and Ornamental Iron Workers, *is now and was*

24

*at all times hereinafter mentioned, a voluntary association* (italics ours) and labor union, organized outside of the State of Missouri, but since its organization and long prior to the times hereinafter mentioned, came into the State of Missouri, and established its principal office and place of business in the City of St. Louis, Missouri, and now has, and at all times hereinafter mentioned had, its principal office and place of business in the City of St. Louis, Missouri, and doing business under the name adopted by it of the International Association of Bridge, Structural and Ornamental Iron Workers.

"Plaintiff further states that said defendant is now, and was at all times hereinafter mentioned, and long· prior thereto, organized and doing business in the State of Missouri, as a fraternal benefit society, having its principal office in the City of St. Louis, State of Missouri, and doing business as a fraternal benefit society; being without capital stock and organized and carried on solely for the mutual benefit of its members, and their beneficiaries, and not for profit, and having a lodge system, and ritualistic form of work and representative form of government, and at all said times made provisions for the payment of benefits to its members in case of death, and provided for old age pensions, and said defendant association and organization has, and at all the times hereinafter mentioned, had more than five hundred members, and that said defendant at all said times possessed and now possesses. powers and privileges not possessed by individuals or partnerships, and at all said times exercised and is now exercising such powers and privileges under the laws of the State of Missouri, and that under and by virtue of the Constitution and laws of the State of Missouri, said defendant is now and at all the times hereinafter mentioned was, a corporation, having an office and place of business in the State of Missouri.

"Plaintiff further states that for many years next before the month of September. 1924. he was a member in good standing of the defendant association. being affiliated with Local No. 18 of said association: that said Local No. 18 was one of the subordinate bodies or locals of said International Association of Bridge, Structural and Ornamental Iron Workers, and was business agent of said Local No. 18.

"Plaintiff further states that as a member in good standing of said Local No. 18. and of said International Association of Bridge. Structural and Ornamental Iron Workers, under its constitution and by-laws, he had the right to exercise his trade or calling as a union iron worker in the City of St. Louis, Missouri, and in all parts of the United States where he might find employment; that as a member in good standing of said Local No. 18. and of the said International Association of Bridge, Structural and Ornamental Iron

Workers, he was entitled under the laws of said order to a death benefit of four hundred ($400) dollars, and to an old age pension of twenty-five dollars per month, and as business agent of said Local No. 18, he was entitled to and was receiving a salary of Thirty-nine Hundred ($3900) dollars a year.''

Appellant then alleged that he was wrongfully debarred from the Association for a period of five years; and that the Local No. 18, of which he was a member, was dissolved, ''depriving the plaintiff of his office as business agent of said Local No. 18, and of his membership in said International Association, and of all the rights and privileges attending upon said membership, including his right to pursue his trade or calling as a union iron worker in the City of St. Louis, and in the United States of America, his old age pension and death benefits, his office and salary as business agent of Local No. 18.''

Upon the filing of the above petition summons was issued to the Sheriff of the city of St. Louis commanding him to summon the International Association of Bridge, Structural and Ornamental Iron Workers. The sheriff made return stating that he had served the writ on the International Association of Bridge, Structural and Ornamental Iron Workers, a corporation, by delivering a copy of the writ and petition to the secretary of the said defendant corporation, he being in said defendant's usual business office and in charge thereof, the president or other chief officer not being found. Defendant filed a motion to quash the sheriff's return upon the grounds that ''said return of service describes defendant association as 'a corporation' and shows service of summons upon defendant as a corporation, whereas it appears upon the face of the petition and the record herein that defendant is a voluntary association'' and ''because the attempted service of summons in this cause, in the manner described and the sheriff's return of service, is without warrant and authority of law and does not bind defendant association.'' The motion to quash the return also contained all of the grounds set up in the motion to quash summons hereinafter referred to. This motion was sustained.

Defendant also filed a motion to quash the summons for the three following reasons:

''(1) Because it appears from the face of plaintiff's petition herein that the International Association of Bridge, Structural and Ornamental Iron Workers, named as defendant in this suit and required by the summons herein to appear and answer, is a voluntary association and as such voluntary association cannot be sued as an entity or in the name of said association.

''(2) Because it appears upon the face of the petition and record herein that this court has no jurisdiction of this cause, the subject

matter thereof or the parties thereto, and this court being without jurisdiction herein the issuance of said summons was in excess of the jurisdiction of this court and said summons is wholly void.

"(3) Because the named defendant, being a voluntary association as shown on the face of the petition and record herein, can neither be sued nor summoned as an entity."

Defendant in said motion also assigned as an additional reason for quashing the summons the unconstitutionality of the amendment of 1915 (Laws of Missouri 1915, p. 225) providing a method of service of summons upon voluntary associations, the same now being the seventh subdivision of Section 728, Revised Statutes 1929. The motion to quash the summons was also sustained and thereafter the following final judgment of dismissal was entered:

"Special motions of defendant to quash summons having been sustained, on December 2, 1929, cause assigned to Division No. 1, and final judgment of dismissal entered at cost of plaintiff."

The record presented here contains no bill of exceptions. It sets out the petition, summons, return, motion to quash return, motion to quash summons, orders sustaining both motions and final judgment of dismissal. Respondent contends that the rulings on these motions are not here for review because they are matters of exception and not part of the record proper. Motions and rulings thereon are not part of the record proper. [Electrolytic Chlorine Co. v. Wallace & Tiernan Co., 328 Mo. 782, 41 S. W. (2d) 1049.] However, there is an exception to this rule, namely: When a pleading, although denominated a motion, "performs the office of a demurrer and disposes of a case, it may be treated as a demurrer and therefore a part of the record proper of which we may take cognizance, although it is not contained in the bill of exceptions." [Home Insurance Co. v. Missouri Power & Light Co., 327 Mo. 1201, 39 S. W. (2d) 1039; Mayes v. United Garment Workers of America, 320 Mo. 10, 6 S. W. (2d) 333; Dickey v. Webster County, 318 Mo. 821, 300 S. W. 1086; Sebastian County Coal & Mining Co. v. Fidelity Fuel Co., 317 Mo. 610, 296 S. W. 154; Shohoney v. Railroad, 231 Mo. 131, 132 S. W. 1059; Garger v. Mo. Pac. Ry. Co., 210 S. W. 377.] The contention made here was made in Mayes v. United Garment Workers, supra. This court there held a pleading, called a plea in abatement, dispositive of the whole case and therefore part of the record proper. In that case, there was a dissenting opinion in which it was said:

"To constitute the plea, one of the 'recognized pleadings in a case,' within the meaning of the rules of the common law and the Code, it would be necessary for it to be based, as in the case of a demurrer, exclusively upon matters appearing of record, which would render it determinable upon a bare inspection of the record. If the plea

possessed these characteristics, it would intrinsically become a part of the record proper and require no bill of exceptions to entitle it to a review.''

■■ It would seem that the motion to quash the summons here meets even the test of the dissenting opinion in the Mayes case. We will therefore consider it as a demurrer on the ground of jurisdiction and part of the record proper. On the other hand, the motion to quash the return was not dispositive of the whole case since it only attacked the method of service and it is therefore not before us for review. Having determined the limits of the inquiry, we will proceed to a consideration of the question raised by the motion to quash the summons. Does the petition show on its face that the court has no jurisdiction of respondent because it is a voluntary association which is not a suable entity?

■ The general rule is well settled that an unincorporated voluntary association cannot, in the absence of statutory authority, sue or be sued. [Newton County Farmers & Fruit Growers Exchange v. K. C. Southern Ry. Co., 326 Mo. 617, 31 S. W. (2d) 803, and authorities cited, l. c. 804.] They exist under common law right of contract and are not entities having an existence separate and apart from that of their members. [C. J. 1336, sec. 6, p. 1369, sec. 118.] Certain associations which have powers or privileges not possessed by individuals or partnerships have been held suable entities. That is our statutory definition of a corporation (Sec. 4526, R. S. 1929) and such powers or privileges must be conferred by statute. [Newton County Farmers & Fruit Growers Exchange v. K. C. Southern Ry. Co., supra.] There is high authority both in the United States and in England for suing a labor organization, which is a voluntary association (but has certain statutory recognition), for wrongful acts of its officers or agents damaging the property of others in carrying out the purposes of the organization. [United Mine Workers of America v. Coronado Coal Co., 259 U. S. 344, 66 L. Ed. 975, 42 Sup. Ct. 570, 27 A. L. R. 762 (where many authorities are collected in an annotation); Taff Vale Ry. Co. v. Amalgamated Society of Railway Servants, A. C. 426, 1 B. R. C. 832.] In those cases a great many facts about the activities, characteristics, organization and action of the union, which was being sued, were shown. No such situation is presented here. This is a suit by a member of the association who claims he is being wrongfully deprived of the privileges of membership, evidently by the action of other members with whom he is associated through right of contract only.

Appellant relies for his authority to sue respondent upon Clark v. Grand Lodge of Brotherhood of Railroad Trainmen, 328 Mo. 1084, 43 S. W. (2d) 404, and cases therein cited. In that case this court exhaustively reviewed the previous decisions. It was a suit

upon a life insurance policy issued by the Brotherhood of Railroad Trainmen. The petition in that case set out the terms of the policy, the constitution and by-laws of the order and other facts showing that the order was doing an extensive insurance business as an insurance association similar to that authorized by our statutes to be done by fraternal beneficiary insurance associations, and that it had repudiated its policies after collecting large amounts for premiums thereon. This court held "that, when such an unincorporated association engages in this State and elsewhere in the business of insuring its members, to whom it issues insurance contracts and from whom it collects premiums, then such associations may be sued in the courts of this State, in the name in which they contract and do business, on causes of action growing out of and based on such contracts." This court also said that the doctrine of estoppel (to deny that it was a suable entity) was applicable to such a situation. The present suit is not a suit on a contract of insurance or any other contract. In fact appellant's petition does not allege that respondent ever made an insurance contract or issued an insurance policy. Appellant only alleges respondent "made provisions for the payment of benefits to its members in case of death and provided for old age pensions" and that "he was entitled under the laws of said order to a death benefit of $400 and to an old age pension of $25 per month." He does not allege that he paid respondent any premium therefor. For all that the petition shows respondent organization may have "made provision·for" death benefits and old age pensions for its members by some group insurance plan with an old line insurance company rather than undertaking to do any insurance business itself. No facts showing estoppel were pleaded. Therefore, the Clark case does not determine the question here.

▆▆▆ Appellant's petition starts out by saying that respondent is a voluntary association. If it stated anything further to show that it was an association, which was not within the operation of the general rule that a voluntary association is not a suable entity, then the petition would be good on demurrer and respondent's lack of legal capacity to be sued would have to be raised by answer. This would also be true if the petition merely failed to state facts showing whether or not respondent had legal capacity to be sued. [Clark v. Grand Lodge, 328 Mo. 1084, 43 S. W. (2d) l. c. 406.] ▆▆▆ But here appellant's petition affirmatively states facts showing that respondent does not have legal capacity to be sued, namely: That respondent is a voluntary association. Does it state any further facts which show either that respondent is a suable entity or that it is estopped to deny that it is a suable entity? We think not. The only other facts it states is that it is a labor union with more than 500 members; that it was organized outside of the State of Missouri; that it afterwards

established its principal office in the city of St. Louis; that it is without capital stock and is carried on solely for the mutual benefit of its members and not for profit; that it has a lodge system, ritualistic form of work and a representative form of government; and that it made provisions for payment of benefits to its members in case of death and provided for old age pensions. None of these allegations contradict or change the statement that it is a voluntary association. All of these things are proper attributes of a voluntary unincorporated association. Even a voluntary association which is carried on for the mutual benefit of its members or for benevolent purposes cannot sue or be sued as an entity in the absence of some statutory authorization or grant of powers. [19 R. C. L. 1317, sec. 105.] 

It is true that appellant states the legal conclusion that it possesses "powers and privileges not possessed by individuals or partnerships" and that (therefore) "under and by virtue of the Constitution and laws of the State of Missouri" it is a corporation. The statement that it possesses such powers and privileges, being merely a conclusion of law, is not admitted by demurrer and the same is true of the conclusion drawn from that conclusion that respondent, because of such powers, is a corporation. [Newton County Farmers & Fruit Growers Exchange v. K. C. Southern Ry. Co., 326 Mo. 617, 31 S. W. (2d) l. c. 804.]

 Conclusions of the pleader are never admitted by demurrer. "Their soundness depends on the specific facts pleaded." [Harelson v. Tyler, 281 Mo. 383, 219 S. W. 908.] The allegation that respondent is doing business as a fraternal benefit society, is merely a conclusion insofar as it may be an attempt to state that respondent is such an association for doing an insurance business under our insurance laws. What constitutes such a fraternal benefit society doing such business is determined by our statutes, Sections 5990-5992, and 5994-5997, Revised Statutes 1929. No allegation is made that respondent even attempted to bring itself within, or act under, these statutes. Respondent is not, in fact, sued for anything done in connection with such a business so there is no basis for applying the doctrine of estoppel. So far as the petition shows, appellant attempts to base a cause of action on something concerning the internal workings of a voluntary association and its authority over its members and subordinate bodies. Nor are any facts stated about its organization, constitution or by-laws. We, therefore, hold that the petition on its face affirmatively states facts showing that respondent has not legal capacity to be sued and that the motion to quash summons was correctly ruled.

The judgment is affirmed. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All of the judges concur.