Jack **EDGMOND**, Jesse Drumright, and Edward Drumright, Trustees of the Little Zion Baptist Church, Plaintiffs-Respondents,

v.

Buster **BRIXEY**, Jewell Brixey, Junior Brixey, and Betty Brixey, Defendants-Appellants.

No. 54473.

Supreme Court of Missouri, Division No. 2.

Feb. 9, 1970.

Moore & Brill, Richard D. Moore, Newton C. Brill, West Plains, for plaintiffs-respondents.

Harold L. Henry, West Plains, for defendants-appellants.

LAURANCE M. HYDE, Special Commissioner.

Action by plaintiffs, alleged to be trustees of the Little Zion Baptist Church, to ascertain and determine title to land in Howell County occupied by the church. § 527.150 RSMo, V.A.M.S. The trial court entered judgment that fee simple title be vested in the trustees of the church and defendants, who claim to own the land, have appealed.

Defendants Brixey claim title under a sheriff's deed in partition which described the whole 40 acre tract on which the church was located, using two acres in the northeast part thereof. Defendants claim the use by the church was permissive, while plaintiffs claim under an unrecorded lost deed by a former owner and by adverse possession of more than 30 years.

Defendants contend that plaintiffs are not trustees of the church, and not even members, but are interlopers who have been excluded from the church and thus are not real parties in interest as required by § 507.010 RSMo, V.A.M.S., and were not entitled to sue. Defendants raised this issue by motion to dismiss which was overruled. Defendants also sought to show these facts by the church clerk and the church records but were not permitted to do so.

In Harger v. Barrett, 319 Mo. 633, 5 S.W.2d 1100, 1102, we held "that one or more members of a voluntary association, whether organized for private or public purposes, may sue for or in behalf of all of the members." See also 76 C.J.S. Religious Societies § 102 p. 891; 45 Am. Jur. 796, Religious Societies § 93; Ruggles v. International Ass'n of Bridge, Structural and Ornamental Iron Workers, 331 Mo. 20, 52 S.W.2d 860, 862; Morris v. Willis,

Mo.Sup., 338 S.W.2d 777, 779, and cases cited. Incapacity of plaintiffs to sue may be waived by failure to timely raise the issue, Harger v. Barrett, 5 S.W.2d, 1. c. 1102, but it was timely raised and kept alive herein both by motion to dismiss and by offer of evidence. If plaintiffs are not members of the religious association involved which operates the church then they have no standing as plaintiffs to bring this action. None of the plaintiffs testified so there is nothing in the record to show that they are members of this religious association. The court should have heard evidence on that issue and decided it, because if plaintiffs had no standing to bring this action it should have been dismissed.

Since this is a case tried by the court without a jury under the provisions of Rule 73.01, V.A.M.R. we can consider evidence which was rejected by the trial court. The record book of this religious association kept by its clerk, which was offered in evidence and rejected by the trial court, has been filed here and so can be considered. However, we do not find its entries sufficient to show that plaintiffs are not now members of this religious association. This record does show a dispute between the members and a former pastor of the church, Elmer Drumright, and that he was dismissed as pastor in August 1959. It also recites in October 1959 that Jack Edgmond, who is one of the plaintiffs, had joined another church. However, it does not appear that any action ever was taken against either of them, the last entry, January 1960, being to let the charge previously made against them stand without action. It appears there are now two factions in the church, one holding services on the first Sunday of each month and the other on the second Sunday. It may be that these are separate religious associations. In any event, before the right of any religious association to the land can be determined, there must be evidence from which the court can find that those seeking such adjudication are members of the association, who can properly represent it. Concerning representation see Civil Rule 52.08.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.